### ANASTACIO VARGAS V. THE STATE.

No. 10887.   Delivered June 15, 1927.

Rehearing denied October 26, 1927.

**1.—Murder—Continuance—Witness In Attendance—Properly Overruled.**

Where on his trial for murder, appellant moved for a continuance on account of the absence of a witness, and during the progress of the trial the witness appeared in court, but was not used by appellant, his motion was properly overruled. See Hacker v. State, 36 Tex. Crim. Rep. 307; Branch's Ann. P. C., Sec. 326.

**2.—Same—Evidence—Res Gestae—Bill of Exception—Incomplete.**

Where appellant complains of the admission of a statement by deceased, on her regaining consciousness after the assault, the bill of exception presenting the matter is incomplete, in that it fails to set out facts from which the reviewing court could decide that the evidence did not come within the rule of res gestae. Viewed in the light of the statement of facts, the declarations of the deceased were clearly res gestae and properly received. See Freeman v. State, 40 Tex. Crim. Rep. 545.

**3.—Same—Evidence—Negative Reply—No Error Disclosed.**

Where appellant complains of a question propounded a witness by the state, and it appears that the question was answered in the negative,

no harmful error is presented.   See Mercer v. State, 17 Tex. Crim. App. 467; Branch's Ann. P. C., Sec. 372.

ON REHEARING.

#### 4.—Same—Charge of Court—Practice On Appeal—Rule Stated.

Under Art. 666, C. C. P., 1925, this court is not permitted to reverse a judgment, unless the error appearing in the charge was calculated to injure the rights of appellant, or unless it appears from the record that the appellant has not had a fair and impartial trial.   Viewed in the light of this statute appellant's criticism of the court's charge does not disclose any error, which was calculated to injure appellant's rights or which indicates that he had other than a fair and impartial trial.

#### 5.—Same—Evidence—Held Sufficient.

Where the state's testimony disclosed that appellant was identified by Gabriel Garcia, husband of the deceased, as one of the men who assaulted himself and his wife, and the deceased on regaining consciousness after the assault, stated also that appellant was one of the men, and there were other facts of a corroborative character, we cannot say that this evidence was insufficient to support the conviction, even though the death penalty was inflicted.

Appeal from the District Court of Bexar County.   Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction for murder, penalty assessed at death.

The opinion states the case.

*M. C. Gonzales* and *J. Henry Wolf* of San Antonio, for appellant.

*C. M. Chambers,* District Attorney, *Temple Calhoun* Assistant District Attorney, *Sam D. Stinson* State's Attorney, and *Robert M. Lyles* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—The offense is murder, punishment fixed at death.

A report of the former appeal will be found in 284 S. W. 564. Louisa Garcia was wounded at her home on the night of August 21st, and died from her injuries some ten days later. The weapon used was not shown, but the deceased was struck a number of blows about the face and head with some blunt instrument. Gabriel Garcia, husband of the deceased, testified that upon the night of August 21st he was called out of his house by persons on the pretense that they were lost and wanted directions touching the road.   Responding to their request he went out of his house some steps to a gate where he was struck upon the head

with some blunt instrument in the hands of one of the parties and rendered unconscious for several hours. The appellant, Vargas, was recognized by Garcia as his assailant. Upon regaining consciousness, Garcia went to his house. His wife was not there, but he found her outside of the house, lying upon the ground in a wounded condition. She told him that she had been assaulted by two men, one of whom was the appellant. Vargas had been an employee of Garcia and his wife for some time previous to the assault. A trunk which contained money and other articles had been removed from the house into the yard, its contents scattered and fifty dollars in money taken. A physician was called and described the wounds upon the deceased. At the time he arrived she was in a stupor and seems not to have regained consciousness. Another witness, Rosalio Valesquez, who lived nearby, gave testimony to the effect that upon the night in question, she saw the parties about the premises of the deceased; that they arrived on horseback; that they were Anastacio Vargas and Silverio Gomez. This testimony, though not of a satisfactory nature, was sufficient to corroborate that of Garcia. Officers who visited the premises on the morning after the assault observed the trunk and its contents, also blood in several places, coinciding with the testimony of Garcia touching the locality of the assault upon him and his wife. There was testimony to the effect that the grand jury was unable to ascertain the name of the blunt instrument used in inflicting the blows which killed the deceased.

In overruling the motion for a continuance based upon the absence of Francisco Cruz, the learned trial judge acted within the discretion with which the law vested him. If the witness had not appeared, the efforts to secure his attendance would not have met the legal measure of diligence. It seems that he was not present at the time the motion for a continuance was overruled. However, according to the qualification attached by the trial judge to the bill, it appears that the witness was in court during the trial; that of this fact the appellant's counsel was notified and the witness was not used. As stated in the bill, the purpose for which the witness was desired was to prove an alibi. There was introduced on the trial no testimony upon that subject. The complaint is reflected in bills Nos. 1 and 8, both of which are qualified as above stated. Without reference to the other faults in the motion, the fact that the witness appeared and was not used seems to put the correctness of the court's ruling beyond controversy, so far as this reviewing court is concerned. See Hackett v. State, 13 Tex. Crim. App. 412; Mitchell v. State,

36 Tex. Crim. Rep. 307, and other cases collated by Mr. Branch in his Ann. Tex. P. C., Sec. 326.

In bill No. 3 complaint is made of the refusal of the court to exclude the testimony of the witness Gabriel Garcia to the effect that the deceased stated to the witness that two persons had beaten her; that one of them was Anastacio Vargas. Against the receipt of this testimony the objection urged is that it was hearsay and not res gestae. According to Gabriel Garcia, he was enticed from his house by the appellant and his companion and struck down by a blow which rendered him unconscious. Upon regaining consciousness he found his wife in a stricken condition and unconscious. She regained consciousness, however, and made the remarks mentioned. On the former appeal this testimony was held admissible. That ruling was not attacked upon the motion for rehearing and unless clearly wrong, it became the law of the case. Lee v. State, 148 S. W. 706; Manley v. State, 148 S. W. 1008; Perrett v. State, 170 S. W. 316; Betts v. State, 71 Tex. Crim. Rep. 204. As presented here, the bill fails to show the surrounding facts. In order that the complaint that the declaration was not res gestae can demand attention the bill should reveal facts from which the reviewing court could decide that the evidence did not come within that rule. Cavanar v. State, 99 Tex. Crim. Rep. 446. This the bill under consideration fails to do. If, in view of the extreme penalty, the statement of facts be considered in aid of the bill, we think no error was committed in receiving the testimony in question. The assault on both the deceased and the witness occurred after midnight, at their home, where no other persons were present. The circumstances seem to exclude the idea that between the time of her injury and that of the declaration to her husband the deceased had been in condition for reflection. She was unconscious from the blows she had received when her husband found her a few hours after the injury, and she made the declaration immediately upon regaining consciousness. These facts we think bring the transaction within the rule of res gestae as interpreted by the precedents in this state. On the facts, the case of Freeman v. State, 40 Tex. Crim. Rep. 545, 46 S. W. 641, is not dissimilar, and the principle there announced and supported by authorities cited uphold the ruling made by the learned trial judge in the present instance.

Bill No. 5 relates to the examination of the witness Rosalio Valesquez. We are not sure that we comprehend the nature of

the complaint or the setting in which the transaction occurred. It seems that state's counsel asked the witness this question:

"Didn't you tell Mr. Sam James, Saturday morning when they were down there, that you saw Anastacio Vargas at your house, and they traced the foot tracks?"

Appellant interposed an objection to the question upon the ground that the declaration was not made in the presence of the appellant. Arguing the pertinency of this question, it seems that counsel for the state stated that his purpose was to show that on a former occasion the witness had stated to the officers that he saw "Anastacio and this man." The court permitted the witness to answer the question and he said "no." So far as the bill informs us, there the matter stopped.

Bill No. 6 complains of the argument of counsel for the state in commenting upon the fact that the appellant had not introduced his wife as a witness. This remark did not offend against the procedure. The absence of testimony which is under the control of the accused and which would be admissible, if relevant, is a proper subject of comment. This rule applies to the wife of the accused who is a competent witness in his behalf but not available to the state. See Mercer v. State, 17 Tex. Crim. App. 467, and other cases collated in Branch's Ann. Tex. P. C., Sec. 372.

There was no error in refusing to instruct the jury to return a verdict of not guilty, nor was the refusal of the special charge to the effect that there should be an acquittal unless the jury believed beyond a reasonable doubt that the death of the deceased was occasioned by the use of a blunt instrument. This was embraced in the court's charge.

All bills, as well as the sufficiency of the evidence, have been given attention.

Failing to find in any of the matters presented error prejudicial to the accused, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—For the first time in his motion for rehearing appellant criticizes certain paragraphs of the court's charge. By special provision of Art. 666, 1925 C. C. P. this court is not permitted to reverse a judgment unless the error appearing in the charge was calculated to injure the rights of appellant, or unless it appears from the record that appellant has not had a fair and impartial trial. Said article further provides that all objections to the charge shall be made at the time of trial. The

last provision of the statute was disregarded in the trial of the present case and because thereof we might be precluded from the consideration of an error pointed out at this late date, but on account of the extreme penalty assessed we have examined the paragraphs criticized in the motion and are of opinion nothing appears therein which was calculated to injure appellant's rights or which indicates that he had other than a fair and impartial trial.

In view of appellant's insistence that the evidence is insufficient to warrant a conviction with the extreme penalty assessed, we have again given careful attention to the statement of facts on file. Garcia testified that appellant and another party whom he did not know appeared at his house ostensibly for the purpose of inquiring the road to Valesquez's, and that when he (Garcia) left his house to give them directions he was assaulted and rendered unconscious; that upon regaining consciousness he sought his wife and found that she also had been assaulted, and was then unconscious; that a trunk had been removed from the house, rifled and some fifty dollars in money taken. Upon regaining consciousness the wife said two men had attacked her, one of whom was appellant. Valesquez and Garcia lived on the same ranch. Valesquez was related by marriage to Gomez, whom it was claimed was the man with appellant. The testimony given by Valesquez is unsatisfactory as was stated in our original opinion. Whether this was because of his relation to Gomez or for some other reason is conjectural. But Valesquez did testify that on the night of the murder and robbery he saw appellant and Gomez near his house and that they were riding on horses. The record does not show how far Valesquez lived from Garcia but it is shown to be on the same ranch. Appellant objects to the language in our original opinion wherein we stated that Valesquez testified that he "saw the parties about the premises of the deceased." It would perhaps have been more accurate to say that he saw them about witness' premises on the same ranch on which deceased lived. This evidence supported Garcia in so far as it located appellant and Gomez in the neighborhood of the crime. The jury was not without sufficient facts upon which to predicate the verdict and we would not be justified in setting it aside.

The appellant's motion for rehearing is overruled.

*Overruled.*