**C.P. NESLONEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–82–708–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 28, 1983.

Travis Kitchens, Jr., Groveton, for appellant.

Joe W. Bell, County Atty., Groveton, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant was convicted under Tex.Parks & Wildlife Code § 47.037 (Vernon 1976) for refusing to allow an employee of the Department of Texas Parks and Wildlife to inspect aquatic products in his possession. A fine of $75.00 was assessed. We reverse.

In his third ground of error, appellant asserts the trial court erred in overruling his motion to quash the complaint because § 47.037 on its face violates the Fourth Amendment to the United States Constitution and Article 1, Section 9 of the Texas Constitution by allowing a criminal prosecution to result from a person's assertion of his constitutional rights. We agree.

Section 47.037 provides:

No person may refuse to allow an employee of the department to inspect aquatic products handled by or in the possession of any commercial fisherman, wholesale fish dealer, or retail fish dealer at any time or in any place.

The U.S. Const. amend. IV states:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Tex. Const. art. 1, § 9 states:

The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

Appellant was approached outside the building he claims is one of his residences by game warden Keith Roy Folterman, who asked appellant to see his fishing license. Appellant complied with that request, but refused to allow the warden to inspect his residence. Subsequently, Folterman took appellant to the county courthouse and repeated his request, which appellant again refused, and Folterman filed on him pursuant to § 47.037. The warden then took appellant back to the residence to obtain his heart medicine; by this time, four other wardens were already there "to secure the building". Appellant again refused to allow the men to search the house without a warrant.

At trial, Folterman testified he suspected appellant had catfish in a vat in the residence. He pointed out that he had watched the vat being constructed with the building; this was the sole basis for his desire to make the search. Appellant testified he had only one vat in his residence, and that he did have some catfish, legally caught, in it at that time.

■ In reversing a conviction based on evidence acquired by game wardens in a warrantless search of appellant's residence and its surrounding grounds, the Court of Criminal Appeals has emphasized that "regardless of the breadth of the statute relied upon by the State, every search must pass Constitutional muster." *Gonzalez v. State,* 588 S.W.2d 355, 359 (Tex.Cr.App.1979). In *Gonzalez,* the court pointed out that the State failed to meet its burden to show the existence of an exceptional situation which would allow a search without a warrant. *Id.* at 360. The exceptions to the warrant requirement delineated by the United States Supreme Court include: 1) consent, 2) response to an emergency, 3) hot pursuit of a fleeing felon, 4) contraband in the process of being destroyed, and 5) contraband about to be removed from the jurisdiction. *Vale v. Louisiana,* 399 U.S. 30, 34, 35, 90 S.Ct. 1969, 1971, 1972, 26 L.Ed.2d 409 (1970).

The Court enunciated the standard to be observed by one seeking to search a private

residence in *Camara v. Municipal Court of the City and County of San Francisco,* 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). The facts of that case closely parallel those of the instant case. Appellant in *Camara* was charged with violation of § 507 of the San Francisco Housing Code for refusing to permit building inspectors to inspect his residence without a warrant. The court held that under the Fourth Amendment, the appellant had the right to insist that the inspectors obtain a search warrant, and that appellant could not be convicted for refusing to consent to the inspection. *Id.* 387 U.S. at 540, 87 S.Ct. at 1736, 18 L.Ed.2d at 942. The court pointed out that although the code section in question contained broad procedural safeguards which allowed authorized employees, as far as might be necessary, to perform their duties upon presenting proper credentials to inspect at reasonable times, the procedures were no substitute for individualized review by a disinterested person who could then determine whether to issue a warrant. *Id.* 387 U.S. at 531, 87 S.Ct. at 1732, 18 L.Ed.2d at 937. Probable cause is the standard by which a particular decision to search is tested against the constitutional mandate of reasonableness. *Id.,* 387 U.S. at 535, 87 S.Ct. at 1734, 18 L.Ed.2d at 939. The Court issued a writ of prohibition to the criminal court consistent with its finding that the ordinance authorizing such inspections without a warrant was unconstitutional on its face.

■ In the present case, appellant's conviction likewise resulted from his refusal to allow the game warden to inspect his residence without a warrant. Unlike the code section in question in *Camara,* however, § 47.037 contains no procedural safeguards. Instead, it gives unequivocal authorization to wardens to search; the requirement of a warrant is not even mentioned. Indeed, the warden testified he did not obtain a warrant because he did not believe he had probable cause to make a search. He had no evidence that appellant had previously sold fish, or was selling any at that time. By his own admission, the warden did not

meet the constitutional mandate of reasonableness, because the statute does not require it of him. The statute on its face violates the Fourth Amendment because it allows a criminal prosecution of one who asserts his right not to be searched unless the search is authorized by a neutral officer who believes probable cause for it exists.

■ Further, even if the building in the present case were determined to be a business instead of a residence, the Supreme Court has held that "the businessman too has that right placed in jeopardy if the decision to enter and inspect for violation of regulatory laws can be made and enforced by the inspector in the field without official authority evidenced by the warrant." *See v. City of Seattle*, 387 U.S. 541, 543, 87 S.Ct. 1737, 1739, 18 L.Ed.2d 943 (1967). In *See*, the Court again pointed out the appellant could not be prosecuted for exercising his constitutional right to insist that the inspector obtain a warrant authorizing his entry into appellant's warehouse. In *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed.2d 305 (1978), the Court held that § 8(a) of the Occupational Health & Safety Act of 1970 violated the Fourth Amendment insofar as it purported to authorize inspections without a warrant or its equivalent. The Act allowed agents of the Secretary of Labor to inspect the work area of any employment facility within the Act's jurisdiction for safety or regulatory violations. The Court pointed out that only certain businesses, such as those of a liquor or firearms dealer, fall within carefully defined classes of businesses which have a long tradition of close government supervision, of which anyone who enters the business must already be aware. Thus, if the government intrudes on a person's property, it violates his privacy interests, whether the government motivation is to investigate a violation of the criminal laws or the breach of other statutory or regulatory standards.

The evidence in the present case does not reveal that appellant operated a business at any time. Appellant was convicted under § 47.037 because he refused to allow the game warden to search his residence without a warrant. Section 47.037 does not distinguish between residences and businesses in authorizing such searches, but provides for an inspection at any time or any place. Thus, we hold that § 47.037 on its face violates the Fourth Amendment of the United States Constitution and Article 1, § 9 of the Texas Constitution, which prohibit unreasonable searches.

Accordingly, we reverse and remand with instructions to dismiss the prosecution.