See also 691 S.W.2d 777.

**Billy Jack BAGGETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 84 105 CR.**

Court of Appeals of Texas, Beaumont.

May 8, 1985.

Michael Cichowski, Port Arthur, for appellant.

John R. DeWitt, Asst. Criminal Dist. Atty., Beaumont, for appellee.

OPINION

BROOKSHIRE, Justice.

This is the second appeal of a Class C misdemeanor in which Appellant was charged with an offense based on *TEX. PARKS & WILD. CODE ANN. Sec. 47.037* (Vernon 1976). The original complaint before the Justice of the Peace alleged that Baggett had unlawfully and wilfully refused to allow an inspection by a proper official of certain aquatic products in the possession of a licensed wholesale fish dealer.

The Appellant asked for a ruling on his motion to quash. *See Jeffers v. State*, 646 S.W.2d 185 (Tex.Crim.App.1981). No evidence was taken and no argument was presented. We find this dialogue at the hearing on the motion and the plea of guilty:

"THE COURT: Before we continue the plea, since this is a two-count information; I presume the third one, 101538, is a City [sic] appeal. We'll go ahead and bring it up and have time to look at it. It's a single count. Since we did catch the D.A. cold and I forgot the two-counts; let's hold up on this.

. . . .

"THE COURT: Remain seated.

"Now, let's recall the various cause numbers and keep this all on the same record.

"At this particular time, Mr. D.A.; do you wish to elect as to which count?

"[PROSECUTOR]: Yes, your Honor. In 100875, the State elects to go on count one; in 100876, the State elects to go on count one.

"THE COURT: Okay. Back to where we were as to the Motion to Quash. In

100876 that Motion is denied and I am so making a notation on the order as to the motion. In Cause Number 100875, that Motion to Quash is also denied and I'm making a notation on the order. As to Cause Number 101538—give me the complaint back.

"THE CLERK: It's not in here.

"THE COURT: Here's what I'm going to do. Cause Number 101538, I'm going to deny the Motion to Quash there also and so be noted on the order if we can find it. If not, it's in the record. Now as to the three Motions to Quash, that is the Motion to Quash filed in each cause number, I am going to allow the Defendant, even though he is entering a plea of guilty to the three offenses, I'm going to allow him to reserve his right to appeal on those issues involved in each and every Motion to Quash.

"Now recalling, 101538, 100875 and 100876, does the Defendant waive the formalities in all those pleas?

"[DEFENSE ATTORNEY]: Yes, your Honor.

"THE COURT: How does he plead?

"[DEFENSE ATTORNEY]: Guilty, your Honor."

The trial judge did not have the Complaint or the Motion to Quash in the Justice of the Peace appeal, No. 101538; the clerk dogmatically said: "It's not in here." The prosecutor said:

"I don't show 101538, your Honor in any of the packages handed to me."

At the same hearing, Mr. Baggett affirmed his signature on all the waivers and stated that he thoroughly understood them. He waived his right to a jury trial and he voluntarily entered a plea of guilty in each of the three cases; whereupon, the court found him guilty in all three cases.

■ There was no real argument or urging on these Motions to Quash. Upon the remand it was abundantly clear that the urging and the advancing of these Motions to Quash were merely perfunctory and formal.

"THE COURT: Are you requesting I go ahead and accept the plea in each of these cases but allow him to appeal on the Motion to Quash filed prior to the plea?

"[DEFENSE ATTORNEY]: Yes, your Honor. And I ask prior to accepting the plea, we obtain a ruling on the Motion to Quash."

We find that the denial of the Motion to Quash was preserved for appeal. After assessing a fine of $105.00 and costs, in cause No. 101538 (originally filed in the Justice of the Peace Court), oral notice of appeal was given.

The opinion on the first appeal is reported as *Baggett v. State*, 673 S.W.2d 908 (Tex.App.—Beaumont 1984, no pet.). Thereafter, no motion for rehearing or petition for discretionary review was filed.

■ Again, Appellant complains that *TEX.PARKS & WILD.CODE ANN. Sec. 47.037* (Vernon 1976) violates the United States Constitution and the Texas Constitution. This ground of error is identical to a ground of error in the first appeal and we dealt with the question squarely in the prior opinion at page 913 of *Baggett, supra*. On this second appeal, in the state of this record, we are met at the threshold with the well-established and thoroughly entrenched "law of the case" doctrine. Generally, the "law of the case" is that principle or concept whereby, when there have been determinations of certain questions of law made on a first or prior appeal, then that ruling or decision will be held to govern the case or cause throughout its subsequent stages including a retrial on a remand and a subsequent appeal. *6 TEX. JUR.3d, Appellate Review, Sec. 901* (1980). The doctrine should be abandoned only if it is shown that the decision was clearly wrong and harmful. That has not been shown on this second appeal. The doctrine should be departed from only in exceptional cases. *Warren v. State*, 523 S.W.2d 237 (Tex.Crim.App.1975); *Gragg v. State*, 152 Tex.Cr.R. 386, 214 S.W.2d 292 (Tex.Crim. App.1948); *Vargas v. State*, 107 Tex.Cr.R. 666, 298 S.W. 591 (Tex.Crim.App.1927).

The Appellant in this second appeal makes no additional effort or record to demonstrate that the first opinion was clearly wrong. We sanguinely hold that the "law of the case" doctrine is applicable and controlling. We overrule Appellant's Ground of Error No. One.

The Appellant contends that the motion to quash should have been sustained since the complaint failed to describe the manner and means whereby the Appellant violated the law. The complaint tracks closely *Sec. 47.037.* Appellant concedes that he was a licensed fish dealer. It is a sound rule that if the charging instrument, be it an indictment, information or complaint, carefully tracks the language of the statute in question it is usually sufficient. When the definition of terms and words are evidentiary in nature, these evidentiary matters need not be alleged or pleaded by the State. *Marrs v. State,* 647 S.W.2d 286 (Tex.Crim.App.1983); *Phillips v. State,* 597 S.W.2d 929 (Tex.Crim.App.1980). We find that the complaint is set forth in plain and intelligible words. We find that a person of ordinary and common understanding could and did know what the charging instrument meant and that this Appellant had adequate notice of the offense alleged against him. The complaint specifically alleged "aquatic products in the possession of a wholesale fish dealer" and a refusal to allow an employee of the Texas Parks and Wildlife Department to inspect same.

We find that *TEX.CODE CRIM. PROC.ANN. art. 45.17* (Vernon 1979) has been complied with. This article governs complaints in the Justice of the Peace Court. Likewise, *TEX.CODE CRIM. PROC.ANN. art. 45.27* (Vernon 1979) provides that an accused should not be discharged because of an informality in the complaint. Further, proceedings before the Justice of the Peace are to be conducted *without being* bound by technical rules. This complaint enabled the Appellant to prepare his defense and it acts as a bar to any subsequent prosecution. Ground of Error No. Two is overruled.

The Appellant's Ground of Error No. Three complains that the complaint is totally defective because it reads: "IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS" rather than "IN THE NAME AND AUTHORITY OF THE STATE OF TEXAS". This contention lacks merit. *Morris v. State,* 115 Tex.Cr.R. 503, 28 S.W.2d 155 (Tex.Crim.App.1930).

The last contention is that the complaint is fundamentally defective. We find that it is not. We believe this ground of error is untenable because of *TEX.PENAL CODE ANN. Sec. 6.02(b) (c)* (Vernon 1974). The complaint alleged that Baggett "unlawfully and wilfully refused". We overrule Ground of Error No. Four. *See Clayton v. State,* 652 S.W.2d 810 (Tex.App.— Amarillo 1983, no pet.). We further conclude that the Legislature, in order to protect these decreasing species of fishes which were "ferae naturae"—belonging to the citizens of this state—intended to create a "strict liability offense" in order to effectuate the legitimate and proper objectives of the regulatory legislation.

As we did, on March 28, 1984, in *Baggett, supra,* we have again, this date, checked with the Court of Criminal Appeals concerning the status of *Nesloney v. State,* 653 S.W.2d 582 (Tex.App.—Houston [14th Dist.] 1983), in which a petition for discretionary review was granted. We are authoritatively advised that the Court of Criminal Appeals still has *Nesloney, supra,* under advisement. Again, we stress that the *Nesloney* case is meaningfully different and distinguishable from the instant case. Nesloney adamantly claimed that his residence was involved. Our case involves a commercial business establishment.

AFFIRMED.

BURGESS, Justice, concurring.

I reluctantly concur. My concurrence is reluctant because of my belief in the "law of the case" doctrine. I fully recognize the issue of the constitutionality of *TEX. PARKS & WILD.CODE ANN. sec. 47.037* (Vernon 1976) has been settled as to this court in *Baggett v. State,* 673 S.W.2d 908

(Tex.App.—Beaumont 1984, no pet.). Had I been a member of the court at that time, I would have filed a dissent as I believe *Nesloney v. State,* 653 S.W.2d 582 (Tex. App.—Houston [14th Dist.] 1983, pet. granted) is the correct disposition of that issue.