**Curtis McGLOTHLIN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–91–163–CR.**

Court of Appeals of Texas, Eastland.

July 30, 1992.

Phil Robertson, Clifton, for appellant.

Andy McMullen, Dist. Atty., Hamilton, for appellee.

## OPINION

ARNOT, Justice.

Curtis McGlothlin, the former Chief of Police at Meridian, was indicted for the sexual assault of a 12–year–old girl. At trial, appellant originally entered a plea of nolo contendere. When it appeared that the complainant would not testify, appellant changed his plea to not guilty. However, the complainant did testify, and the jury found appellant guilty and assessed punishment at confinement for 20 years and a fine of $10,000. Appellant appeals, complaining that the trial court erred in accepting his original nolo contendere plea and complaining of the admission of evidence of extraneous offenses. We affirm.

In his first three points of error, appellant complains that the trial court erred: (1) in accepting his plea of nolo contendere without admonishing him as required by TEX. CODE CRIM.PRO.ANN. art. 26.13(a) (Vernon 1989); (2) in accepting the plea from his attorney in violation of TEX. CODE CRIM. PRO.ANN. art. 27.13 (Vernon 1989); and (3) in depriving him of a fundamentally fair trial because of the alleged errors surrounding his plea before the jury.

After the jury had been selected and seated and the indictment had been read, appellant entered his plea of nolo contendere through his lawyer. After an opening statement, the prosecuting attorney called as a witness the complainant, a girl who was 14 years old at the time of trial. After answering a few preliminary questions about her age, residence, and employment, the complainant refused to answer any questions concerning appellant. The court admonished the complainant that it would hold her in contempt if she did not answer the questions. The complainant still refused to answer. The court recessed the jury.

Later that day, the trial court, sitting as a juvenile judge, appointed the complainant an attorney and began a detention hearing. After consulting with her attorney, the complainant decided to testify.

The next morning, the jury was brought in, and appellant entered a plea of not guilty. The State then called the complainant who testified that: she had been friends with appellant's son and his family; she frequently visited appellant at his home; he first kissed her on the lips; later, on December 20, 1988, they had intercourse for the first time; when this happened, she was 12 years old; her relationship with appellant continued for about a year and a half; she and appellant did not always have sex on occasions when they were together; but she and appellant had sex once or twice a week during this period. The complainant said that she loved appellant.

The complainant testified that her mother was "slow" or retarded and that she did not have much of a relationship with her father. In fact, the complainant was not accompanied to the trial by her parents. By age 13, the complainant was working as a waitress, cook, and dishwasher at a local restaurant. She worked on weeknights after school until ten and sometimes as late as midnight. The complainant often walked home or someone gave her a ride from work.

Dr. Roy D. Mims, Jr., testified that the complainant's hymen was not intact and that this condition could have been the result of intercourse as well as other nonsexual occurrences. Albert Biggs, a Bosque County deputy sheriff, said that he was with appellant on the day that appellant discovered that the complainant had given a statement to the investigating officer, a Texas Ranger. Appellant, who was distraught, admitted to Biggs that "something had been going on" with the complainant. Biggs observed that the complainant looked older and more mature than her age. Appellant did not testify at the guilt/innocence stage.

At issue in the first three points of error is appellant's contention that the change in his plea from "nolo contendere" to "not guilty" disrupted his trial strategy, which had been to present a plea for leniency in punishment. Appellant argues that there had been conscious and considerable effort given to not taking an "inconsistent" or "hypocritical" position with the jury. Therefore, appellant argues that defects in

his nolo contendere plea prevented him from receiving a fair trial. We disagree.

■ Appellant changed his trial strategy when he believed that the complainant would not testify against him. Appellant requested the trial court to allow him to change his plea. The trial court granted appellant's request. Having voluntarily changed his trial strategy and his plea, appellant has waived any complaint about his former plea. Furthermore, appellant admitted his guilt at the punishment phase. *DeGarmo v. State*, 691 S.W.2d 657 (Tex.Cr. App.1985). Moreover, assuming without agreeing that appellant has preserved error, we find any such error arising from the nolo contendere plea to be harmless. TEX.R.APP.P. 81(b)(2). Appellant's first three points of error are overruled.

In his fourth point of error, appellant complains that the trial court erred in admitting evidence of extraneous offenses. The issues before us are: (1) whether extraneous sexual acts between appellant and the same minor complainant are relevant under TEX.R.CRIM.EVID. 401 and, if so, (2) whether its probative value was "substantially outweighed" by the danger of unfair prejudice under TEX.R.CRIM.EVID. 403.

Rule 401 defines "relevant evidence" as that evidence having a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence." TEX.R.CRIM.EVID. 402 provides that evidence which is not relevant is inadmissible.

TEX.R.CRIM.EVID. 404(b) provides that evidence of other crimes is not admissible to prove the character of a person in order to show that he acted in conformity therewith. Rule 404(b) further states that such evidence may be admissible for "other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." This list of exceptions is "neither mutually exclusive nor collectively exhaustive." STRONG, McCORMICK ON EVIDENCE § 190 at 799 (4th Ed.1984). Further, Rule 403 provides that, even though evidence is relevant, it is to be excluded if its probative value is "substantially outweighed" by the danger of unfair prejudice.

This case was tried before *Montgomery v. State*, 810 S.W.2d 372 (Tex.Cr.App.1990), *aff'd on remand*, 821 S.W.2d 314 (Tex. App.—Dallas 1991), *pet'n ref'd*, 827 S.W.2d 324 (Tex.Cr.App.1992), was decided. We do not read *Montgomery* as altering the analysis of the relevance of the extraneous offenses under the applicable rules, Rules 401 et seq., but, rather, as clarifying the process of the analysis that the trial and appellate court should follow. *Montgomery* does, however, make a new requirement that the defendant make an additional *objection after the trial court's initial finding of relevancy*, requiring the trial court to "balance" the probative value of the evidence with its inflammatory and prejudicial effect. Because the objection to the introduction of extraneous offenses in this case was sufficient to preserve error as it was in *Montgomery*, we will review appellant's complaint utilizing the standards as discussed in *Montgomery*.

Overruling appellant's objection as to extraneous offenses, the trial court allowed the State to elicit testimony from the complainant that, after having intercourse with appellant on December 20, 1988, the offense for which he was indicted, appellant and the complainant had intercourse or oral sex once or twice a week in the police station or in his patrol car for a period of about two years. The complainant testified that the illicit sexual behavior ceased only after she gave a statement to an investigating Texas Ranger.

■ The evidence had probative value to show appellant's intent, motive, opportunity, and plan. The jurors should not be required to view the incident on December 20, 1988, in a vacuum. It was the beginning of a lengthy affair, and the facts surrounding the "romance" make the incident more believable than it would otherwise have been. The "not guilty" plea required the State to prove the almost inconceivable fact that a police chief would be having a "love affair" with a 12–year-old girl in his office at the police station. The probative value outweighed the preju-

dicial potential in this case.[1] We find that the evidence had relevance under Rule 404(b) apart from character conformity. Finding no abuse of discretion, appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.

---

**1.** This holding is consistent with *Boutwell v. State*, 719 S.W.2d 164 (Tex.Cr.App.1985), a case decided before the effective date of the new Rules of Criminal Evidence. In *Boutwell*, the court said, "[W]e continue to recognize a limited 'exception' for admission of extraneous sexual transactions between a defendant and the complainant." The extraneous acts between a defendant and a minor complainant are "relevant and probative under the 'res gestae' or context rationale from which they arose." *Boutwell v. State*, supra at 178. See *Plante v. State*, 692 S.W.2d 487 (Tex.Cr.App.1985); *Williams v. State*, 662 S.W.2d 344 (Tex.Cr.App.1983); *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972); *Mannie v. State*, 738 S.W.2d 751 (Tex.App.—Dallas 1987, pet'n ref'd). See also *Jannise v. State*, 789 S.W.2d 623 (Tex.App.—Beaumont 1990, pet'n ref'd); *Gass v. State*, 785 S.W.2d 834 (Tex.App.—Beaumont 1990, no pet'n).