**Curtis McGLOTHLIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 1256–92.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 23, 1992.

On Rehearing Feb. 24, 1993.

Phil Robertson, Clifton (court appointed on appeal), for appellant.

Andy J. McMullen, Dist. Atty., Hamilton, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MALONEY, Judge.

A jury convicted appellant of aggravated sexual assault for having sexual intercourse with a child younger than fourteen years-old, and assessed punishment at twenty years imprisonment and a $10,000 fine. V.T.C.A. Penal Code, § 22.021. The Eleventh Court of Appeals affirmed in a published opinion. *McGlothlin v. State*, 835 S.W.2d 267 (Tex.App.–Eastland 1992). We grant appellant's petition for discretionary review on the issue of the admissibility of subsequent extraneous offenses committed by appellant against the complainant and, in light of our recent decision in *Vernon v. State*, 841 S.W.2d 407 (Tex.Cr.App. 1992), summarily reverse and remand.

The record reflects that the complainant was a friend of appellant's son and appellant's family and that she frequently visited their home. The indictment charged and the evidence showed that on December 20, 1988, appellant [the former Meridian police chief] engaged in sexual intercourse

with the complainant, then a twelve year old girl. The complainant testified at the guilt/innocence phase of the trial that, after the initial offense, she and appellant had sex once or twice a week for about two years at his house and at the police department. She also testified that she had oral sex with him in his police car.

The Court of Appeals held:

> The evidence [of the sexual acts occurring after the initial offense] had probative value to show appellant's intent, motive, opportunity, and plan. The jurors should not be required to view the incident on December 20, 1988, in a vacuum. It was the beginning of a lengthy affair, and the facts surrounding the "romance" make the incident more believable than it would otherwise have been.

*McGlothlin,* 835 S.W.2d at 269. The court noted in a footnote that its holding was consistent with *Boutwell v. State,* 719 S.W.2d 164, 178 (Tex.Cr.App.1985) (op. on reh'g) (recognizing an exception for admission of extraneous sexual acts between a defendant and a minor complainant under res gestae). *McGlothlin,* 835 S.W.2d at 270, n. 1.

We have recently held in *Vernon* that extraneous sexual acts between the defendant and his step-daughter beginning from when she was six years old to after the indicted incident were inadmissible.

> Evidence of other crimes, wrongs, or acts was to be allowed [after the adoption of the Texas Rules of Criminal Evidence, effective September 1, 1986] only when relevant to prove an elemental fact or an evidentiary fact of consequence to determination of the action.

*Vernon,* 841 S.W.2d at 411 (citing *Montgomery v. State,* 810 S.W.2d 372, 387–88 (Tex.Cr.App.1991) (op. on reh'g)). We stated "[i]t is thus clear, at least since *Montgomery,* that we no longer regard the rule of *Boutwell* to have any legal force independent of" TEX.R.CRIM.EVID. 404(b). *Id.* Therefore, a sexual relationship between a defendant and the complainant "he sexually abuses is not itself an elemental fact" and "unless it can plausibly be argued that the repetition of [the sexual acts] actually makes an elemental fact more likely, then its repetition is not an evidentiary fact of consequence either." *Id.*

Appellant's petition for discretionary review is therefore granted on ground two. The judgment of the Court of Appeals is reversed and this cause is remanded to the Court of Appeals for a harm analysis under TEX.R.APP.P. 81(b)(2).

## OPINION ON STATE'S MOTIONS FOR REHEARING ON PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted of aggravated sexual assault and punishment was assessed at twenty years confinement and a fine of $10,000.00. The Court of Appeals affirmed. *McGlothlin v. State,* 835 S.W.2d 267 (Tex.App.—Eastland 1992). We granted appellant's petition for discretionary review, summarily reversed and remanded the case to the Court of Appeals to conduct a harm analysis pursuant to Tex.R.App.P. 81(b)(2). *McGlothlin v. State,* 848 S.W.2d 139 (Tex.Cr.App.1992). The State Prosecuting Attorney and the District Attorney have filed motions for rehearing. For the following reasons, we will grant the motions for rehearing and revise the scope of the Court of Appeals' review on remand.

### I.

The Court of Appeals delivered its opinion on July 30, 1992, and relied, in part, on our decision in *Boutwell v. State,* 719 S.W.2d 164 (Tex.Cr.App.1985). *McGlothlin,* 835 S.W.2d at 270, n. 1. However, in *Vernon v. State,* 841 S.W.2d 407 (Tex.Cr. App.1992), we held that *Boutwell* no longer had any legal force independent of Tex. R.Crim.Evid. 404(b). *Vernon,* 841 S.W.2d at 411. Therefore, in light of our decision in *Vernon,* we summarily reversed and remanded the case to the Court of Appeals for a harm analysis under Rule 81(b)(2). *McGlothlin,* 848 S.W.2d at 140.

## II.

In its motion for rehearing, the State Prosecuting Attorney concedes:

We do not therefore contest this Court's reversal of the judgment of the Court of Appeals. The Court of Appeals' citation to *Boutwell* demonstrates some likelihood that the incorrect (as of November 4, 1992) legal standard in reaching its conclusion that the challenged evidence was admissible under Rule 404(b).

State Prosecuting Attorney's mtn. for reh'g., pgs. 10–11.

However, the State asks that we revise the scope of the remand from merely a harm analysis under Rule 81(b)(2). The State contends we should remand the case for reconsideration in light of *Vernon* and for consideration of the issue of waiver, an issue raised but not addressed by the Court of Appeals. State Prosecuting Attorney's mtn. reh'g., pg. 13.

## III.

The State contends that although the Court of Appeals' reliance on *Boutwell* was error, it does not necessarily follow that the Court of Appeals reached an erroneous result. The State argues that there is a "compelling argument to be made that the evidence was admissible under Rule 404(b) even without the 'automatic admissibility' rule of *Boutwell*." State Prosecuting Attorney's mtn. reh'g., pg. 11. We agree that the Court of Appeals should be given the opportunity to determine the admissibility of the complained of evidence in light of the legal standard announced in *Vernon*.

Furthermore, the State contends the Court of Appeals, having determined the evidence admissible, never had the opportunity to address the issue of waiver. Although not totally clear from the record, it appears the waiver issue was raised when the case was argued before the Court of Appeals. Indeed both appellant and the State filed supplemental briefs with the Court of Appeals addressing the waiver issue. Therefore, the issue was properly before the Court of Appeals. Also, appellant in his petition for discretionary review conceded that the Court of Appeals did not address the waiver doctrine announced in *DeGarmo v. State*, 691 S.W.2d 657 (Tex.Cr. App.1985). Appellant's PDR, pg. 7. We believe the Court of Appeals should be given that opportunity.

## IV.

Accordingly, the motions for rehearing are granted, the judgment of the Court of Appeals is reversed and the cause is remanded to that Court for (1) reconsideration of its holding in light of *Vernon*, (2) the waiver issue and, if necessary, (3) to conduct a harm analysis under Rule 81(b)(2).