Timothy Earl CARROLL, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–97–501–CR.

Court of Appeals of Texas, Beaumont.

Submitted Nov. 14, 2001.

Delivered April 10, 2002.

Tom Brown, Livingston, for appellant.

John S. Holleman, Criminal District Attorney, Alan K. Sumral, Assistant Criminal District Attorney, Livingston, for State.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION ON REMAND

RONALD L. WALKER, Chief Justice.

In an un unpublished opinion, the Court of Criminal Appeals reversed our decision in *Carroll v. State*, 997 S.W.2d 399 (Tex. App.-Beaumont 1999), and remanded the cause to us "for reconsideration in light of *Johnson [v. State*, 43 S.W.3d 1 (Tex.Crim. App.2001) ]." *Carroll v. State*, No. 1789–99 (Tex.Crim.App. May 23, 2001). In *Carroll*, we found trial court error in failing to sustain appellant's challenge for cause of a certain venireperson. *Id.* at 404–05. However, we failed to proceed to a harm analysis of the previously-found trial error. Before reaching any substantive issue, we must first consider the scope of the instant remand.

 It has been held that upon remand from the Court of Criminal Appeals, the exercise of the reviewing function of an intermediate appellate court is limited only by its own discretion or a valid restrictive statute. *See Adkins v. State*, 764 S.W.2d 782, 784 (Tex.Crim.App.1988). "Moreover, when a case is remanded to a lower appellate court, the jurisdiction originally granted to the court by constitutional and statutory mandate is fully restored by the order of abatement and remand." *Id.* As was stated by the Court in *Garrett v. State*, 749 S.W.2d 784, 787 (Tex.Crim.App.1988) (op. on orig. submission), *overruled on other grounds by Malik v. State*, 953 S.W.2d 234, 239 (Tex.Crim.App.1997):

[F]or this Court to issue an "order of remand" to restrict the court of appeals

in renewed exercise of its own jurisdiction, power and authority would seem to be an impermissible and unwarranted abridgement of constitutional grant of same to courts of appeals by Article V, § 6, Constitution of Texas, as implemented by Articles 4.03, 44.24 and 44.25, V.A.C.C.P.

*See also McClain v. State*, 730 S.W.2d 739, 741 (Tex.Crim.App.1987); *Sanchez v. State*, 32 S.W.3d 687, 694 n. 8 (Tex.App.-San Antonio 2000, pet. granted); *Johnson v. State*, 975 S.W.2d 644, 646–49 (Tex.App.-El Paso 1998, pet. ref'd); *Calhoun v. State*, 951 S.W.2d 803, 806–07 (Tex.App.-Waco 1997, pet. ref'd); *Ramirez v. State*, 862 S.W.2d 648, 651 (Tex.App.-Dallas 1993, no pet.). We find that established precedent permits us to re-examine the sole issue before us previously, *viz:* "The trial court abused its discretion in denying Appellant's challenge for cause of potential juror [W.F.] because [W.F.] stated that he could not consider the minimum authorized punishment." *Carroll*, 997 S.W.2d at 400.

 In *Johnson*, after recognizing the confusing positions taken in past cases on preservation of error and harm, in the context of denials of challenges for cause, *see Johnson*, 43 S.W.3d at 5 n. 6, the Court resurrects its position, first taken in 1944, that harm is demonstrated, and error held reversible, when a defendant (1) exercises his peremptory challenges on the venire member whom the trial court erroneously failed to excuse for cause, (2) exhausted his peremptory challenges, (3) is denied a request for additional peremptory challenges, and (4) identifies an objectionable juror who sat on the case. *Wolfe v. State*, 147 Tex.Crim. 62, 178 S.W.2d 274 (1944) (opinion on rehearing). Yet, with the clarification that *Johnson* provides comes the need to revisit the initial inquiry regarding

whether the trial court committed error in the first place. We find, after once again reviewing the voir dire proceeding, that this cause is controlled by the law as expressed in *Sadler v. State*, 977 S.W.2d 140 (Tex.Crim.App.1998).

Recall that appellant's basic complaint before us, as it was before the trial court, is that venireperson W.F. was challengeable for cause as he was unable to consider the minimum authorized punishment. Appellant's brief sets out the pertinent portion of the voir dire proceeding where W.F. was being questioned at the bench by both counsel for the State and for appellant, along with the trial court. During the initial questioning by trial counsel, W.F. stated that he did not think he could consider the minimum punishment for a habitual felony offender following a conviction for the underlying offense of aggravated robbery. The State then picked up the questioning and presented to W.F. a series of hypothetical fact scenarios in which the prior felony convictions were for non-violent drug offenses, and the underlying aggravated robbery involved a theft of $10 from a 70–year–old victim by verbal threat, and without the use of a weapon. To this set of facts, W.F. responded: "If the offenses were mild enough, I could see where I could—I could at least entertain the thought of 25 years.... I mean, if the prior offenses had been nonviolent and, you know, like I said, just a joint of marijuana or something like that.... No violence involved and I didn't feel like that— the main thing I'm going to look at is whether I feel like that the defendant is going to be a threat to me or my family." The State concluded its questioning of W.F. with the following:

Q.[State] You are going to look at the particular facts of the robbery?

A.[W.F.] Right.

Q. And the particular facts of whatever prior convictions he has had and not just automatically say I could never, no matter what the facts were, consider a sentence of 25 years; is that correct?

A. That's correct.

As we appreciate appellant's argument, he seems to be contending that W.F. was challengeable for cause because he could not consider the minimum punishment of 25 years for the particular facts of appellant's case, thus exhibiting a bias against the law. This argument was rejected by the Court in *Sadler* when it observed the following:

Jurors must be able to consider the full range of punishment for the crime as defined by the law. "They must be able, in a sense, to conceive both of a situation in which the minimum penalty would be appropriate and of a situation in which the maximum penalty would be appropriate." *Fuller v. State*, 829 S.W.2d 191, 200 (Tex.Crim.App.1992), *cert. denied* 508 U.S. 941, 113 S.Ct. 2418, 124 L.Ed.2d 640 (1993). Punishment is thus a fact-bound determination.

Appellant argues that jurors must be willing to consider the entire range of punishment not just for the crime itself, but for the crime as Appellant committed it. Appellant's argument is without merit. The law *requires* jurors to use the facts to tailor the punishment to the crime as committed by the guilty defendant. As such, it would be nonsensical to rule that a juror who will use the facts to fit the punishment to the crime is unqualified and thus challengeable for cause—such a juror would be doing exactly what the law requires.

*Sadler*, 977 S.W.2d at 142–43. In the instant case, the State's rehabilitative questioning of W.F. elicited responses indicating W.F. would indeed "tailor the punishment to the crime as committed"

by appellant. It was therefore not error for the trial court to refuse to remove W.F. from the venire as he was not challengeable for cause. As no error was committed by the trial court, no harm analysis is necessary. The lone appellate issue is overruled. The judgment and the sentence of the trial court are affirmed.

AFFIRMED.

## DISSENTING OPINION

DON BURGESS, Justice.

I vigorously dissent. Obviously I dissent to the result, see Carroll v. State, 997 S.W.2d 399 (Tex.App.-Beaumont 1999), but my real dissent is to the majority's determination of "the scope of the instant remand."

### The Scope of the Remand

The Texas Court of Criminal Appeals, in their unpublished opinion,[1] stated:

... The court of appeals did not perform a harmless error analysis. The State petitioned this Court to review the court of appeals' failure to conduct a harm analysis.

This court recently decided that the erroneous denial of a defense challenge for cause is subject to harmless error analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. See Johnson v. State, [43 S.W.3d 1] (Tex. Crim.App.2001). Accordingly, we reverse the decision of the court of appeals and remand this cause to the Court of Appeals for reconsideration in light of Johnson.

Clearly the Court of Criminal Appeals agreed with our earlier majority opinion on the issue of whether the trial court erred when it overruled the challenge for cause. If not, they would have adopted Chief Justice Walker's dissenting opinion,[2] found no error, reversed this court and affirmed the trial court.[3] Yet, they remanded this case for a harm analysis as mandated by Johnson v. State, 43 S.W.3d 1 (Tex.Crim.App.2001).

In spite of this, the new majority[4] now revisits the issue of error, finds no error and affirms the trial court. They do this under the authority of several cases which hold a Court of Appeals may not be restricted on remand by the Court of Criminal Appeals. However, there are more recent cases where the Court of Criminal Appeals has limited the scope of a remand or actually reversed a Court of Appeals for exceeding the scope of a remand. In Connor v. State, 877 S.W.2d 325 (Tex.Crim. App.1994), the court limited the scope of the remand to the motion for new trial issue, thus precluding the Court of Appeals from considering the restitution issue. Id. at 328. (Baird dissenting). In Williams v. State, 790 S.W.2d 643, 645 (Tex.Crim.App.1990), the Court of Criminal Appeals reversed the Court of Appeals and remanded the case for the Court of Appeals "to decide whether the statement in issue was made 'in furtherance of' what appellant concedes was an ongoing conspiracy." On remand, Williams v. State, 815 S.W.2d 743 (Tex.App.-Waco 1991), the Court of Appeals affirmed the conviction. Thereafter in Williams v. State, 829 S.W.2d 216, 217 (Tex.Crim.App.1992), the

---

1. Appendix One to this opinion.

2. See Carroll, 997 S.W.2d at 405.

3. The most efficient result of all possible options.

4. The original case was heard by Chief Justice Ronald L. Walker, Justice Don Burgess and Justice Earl B. "Smokey" Stover. Justice David Gaultney replaced Justice Stover, January 1, 2001.

Court of Criminal Appeals reversed the Waco Court again holding the Court of Appeals' reasoning in its opinion exceeded the scope of the remand order and finding the Court of Appeals erred in not fully complying with the remand order. Furthermore, in *McGlothlin v. State*, 848 S.W.2d 139, 141 (Tex.Crim.App.1992), the Court of Criminal Appeals granted the State Prosecuting Attorney's motion for rehearing in order to revise the scope of the remand. At least one court of appeals has specifically recognized the Court of Criminal Appeals' ability to limit the scope of a remand, *Combest v. State*, 981 S.W.2d 958, 959 (Tex.App.-Austin 1998, pet. ref'd), and two others, Waco in *Calhoun v. State*, 951 S.W.2d 803, 807 (Tex.App.-Waco 1997, pet. ref'd.), and El Paso in *Johnson v. State*, 975 S.W.2d 644, 648–49 (Tex.App.-El Paso 1998, pet. ref'd), have recognized it, but distinguished their cases. Contrary to the majority, I do not believe established precedent allows this court to re-examine the issue before us previously.

Assuming arguendo, that the remand is not restricted, there is another compelling doctrine which should preclude our reconsideration of the complete issue-the "law of the case" doctrine. This doctrine has long been recognized by the Court of Criminal Appeals, e.g. *Penry v. State*, 903 S.W.2d 715, 746–47 (Tex.Crim.App.1995); *Satterwhite v. State*, 858 S.W.2d 412, 429–30 (Tex.Crim.App.1993); *Ware v. State*, 736 S.W.2d 700, 701 (Tex.Crim.App.1987); and this court. In *Carroll v. State*, 42 S.W.3d 129, 131 (Tex.Crim.App.2001), the court stated:

> Under the doctrine known as "law of the case," "an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue when raised in a subsequent appeal." *Howlett v. State*, 994 S.W.2d 663, 666 (Tex.Crim.App.1999) (citations omitted). However, the doc-

trine's application is not inflexible. *Id.* One of the circumstances in which an appellate court may reconsider its earlier disposition of a point of law is when there has been a change in the controlling law between the time of the first appellate determination and the time that the case is brought on a second appeal. *See* 5 Am.Jur. 2d Appellate Review § 613 (1995); E.H. Schopler, *Annotation, Erroneous decision as law of the case on subsequent appellate review*, 87 A.L.R.2d 271, 357–58, 1963 WL 13469 (1963 & Supp.2000); . . . .

In *Howlett v. State*, 994 S.W.2d 663, 666 (Tex.Crim.App.1999)(footnote omitted) the court said:

> In its most basic form the doctrine "provides that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue when raised in a subsequent appeal." Law of the case is a court-made doctrine designed to promote judicial consistency and efficiency that eliminates the need for appellate courts to prepare opinions discussing previously resolved matters. *Ex parte Granger, supra; LeBlanc v. State*, 826 S.W.2d 640, 644 (Tex.App.-Houston [14 th Dist.] 1992, pet. ref'd). The doctrine assures trial courts that they can rely on the appellate court's disposition of an issue in presiding over the case and provides an incentive for trial courts to follow these decisions closely. *See Lee v. State*, 67 Tex.Crim. 137, 148 S.W. 706, 713 (1912) (opinion on motion for rehearing) (if rule were otherwise "trial courts would in a great measure be at sea, and would feel inclined and be authorized to give but little weight to the decisions of the [appellate] court.").

> The doctrine's application is not inflexible. *Ex parte Granger*, 850 S.W.2d at 516. An appellate court may reconsider its earlier disposition of a point of

law if the court determines there are "exceptional" circumstances that mitigate against relying on its prior decision. *Id.* Where the facts and issues are identical in a second appeal, the most common "exceptional" circumstance is that the earlier appears to have been "clearly erroneous." *Id.*

This court in *Baggett v. State*, 691 S.W.2d 779, 781–82 (Tex.App.-Beaumont 1985), *rev'd on other grounds*, 722 S.W.2d 700 (Tex.Crim.App.1987), acknowledged the validity of the doctrine and said:

> ... This ground of error is identical to a ground of error in the first appeal and we dealt with the question squarely in the prior opinion at page 913 of *Baggett, supra.* On this second appeal, in the state of this record, we are met at the threshold with the well-established and thoroughly entrenched "law of the case" doctrine. Generally, the "law of the case" is that principle or concept whereby, when there have been determinations of certain questions of law made on a first or prior appeal, then that ruling or decision will be held to govern the case or cause throughout its subsequent stages including a retrial on a remand and a subsequent appeal. 6 Tex. Jur. 3d, Appellate Review, Sec. 901 (1980). The doctrine should be abandoned only if it is shown that the decision was clearly wrong and harmful. That has not been shown on this second appeal. The doctrine should be departed from only in exceptional cases. *Warren v. State*, 523 S.W.2d 237 (Tex.Crim.App.1975); *Gragg v. State*, 152 Tex.Cr.R. 386, 214 S.W.2d 292 (Tex.Crim.App.1948); *Vargas v. State*, 107 Tex.Cr.R. 666, 298 S.W. 591 (Tex.Crim.App.1927).

The Appellant in this second appeal makes no additional effort or record to demonstrate that the first opinion was clearly wrong. We sanguinely hold that the "law of the case" doctrine is applicable and controlling.

Therefore, under the "law of the case" doctrine, the majority should be bound by the previous opinion unless it was clearly wrong. It was not, nor does the majority attempt to show it was.

### The Initial Substantive Issue [5]

A venireperson who is shown to be biased as a matter of law must be excused if he is challenged for cause. *Cordova v. State*, 733 S.W.2d 175, 182 (Tex.Crim.App. 1987). It is left to the discretion of the trial court to initially determine whether such a bias exists and the court's decision will be reviewed in light of all of the answers given. *Green v. State*, 840 S.W.2d 394, 405 (Tex.Crim.App.1992), *overruled on other grounds* by *Trevino v. State*, 991 S.W.2d 849, 853 (Tex.Crim.App.1999); *see also Faulder v. State*, 745 S.W.2d 327, 339–40 (Tex.Crim.App.1987)("If the prospective juror is not disqualified as a matter of law, and states that he can set aside his bias against the law that governs the punishment for a particular crime, then the trial court's refusal to sustain the defendant's challenge for cause will be reviewed in light of all of the answers the prospective juror gives.")

After the attorneys completed their voir dire presentations, the judge brought two venirepersons before the bench, Ms. C and W.F. Ms. C first said she could not consider the minimum punishment, she was then rehabilitated by the prosecutor and said she could follow the law. Nevertheless, the judge granted the challenge for cause. W.F. first said he could not consider the minimum punishment and he was then rehabilitated by the prosecutor. The judge denied this challenge for cause. "[P]rospective jurors must be able to accept that,

---

5. Much of the discussion, if not all, of this issue is taken from the earlier majority opinion. *Carroll v. State*, 997 S.W.2d 399, 400 (Tex.App.-Beaumont 1999).

for the offense in question, the minimum legal punishment will be appropriate in some circumstances and the maximum legal punishment will be appropriate in some circumstances. In other words, prospective jurors must be able to keep an open mind with respect to punishment until they hear the evidence in the case being tried." *Johnson v. State*, 982 S.W.2d 403, 406 (Tex.Crim.App.1998). A venireperson who repeatedly asserts he will not follow the law, evidencing a strong conviction, will not be rehabilitated by "ritually reciting" he will follow the evidence. *Cumbo v. State*, 760 S.W.2d 251, 255–56 (Tex.Crim. App.1988).

I can not determine any meaningful difference between the two venirepersons. The judge was absolutely correct in allowing the challenge to the first and should have been consistent and allowed the second challenge. I believe there was an underlying reason the second venireperson was not excused. By the time the challenge was made to W.F., the court had already excused four venirepersons for cause, thereby making venireperson forty the thirty-sixth potential juror. Therefore, had W.F. been excused, the individual questioning would have to be reopened, at least to venireperson forty-one, and, depending upon her answers, then to the others.[6] Clearly, the court was concerned with going past venireperson forty (potential juror thirty-six). This fact is the only discernable difference between Ms. C. and W.F. I continue to believe the trial court erred in denying the challenge for cause as to W.F.

### The Proper Issue on Remand

The Court of Criminal Appeals reversed and remanded the case for this court to conduct a harm analysis in light of *Johnson*, 43 S.W.3d at 1. The court in *Johnson* held "that Rule 44.2(b) does not change

the way that harm is demonstrated for the erroneous denial of a challenge for cause." *Id.* at 2. Harm is demonstrated "when the appellant (1) exercised his peremptory challenges on the venire member whom the trial court erroneously failed to excuse for cause, (2) exhausted his peremptory challenges, (3) was denied a request for additional peremptory challenges, and (4) identified an objectionable juror who sat on the case." *Id.* at 5–6. The record reflects Carroll used a peremptory challenge to remove W.F., exhausted his peremptory challenges, the trial court denied Carroll's request for additional peremptory challenges, and Carroll identified an objectionable juror who sat on the case. Accordingly, Carroll's substantial rights were harmed by the trial court's error and he should be entitled to a new trial.

I would sustain Carroll's point of error, reverse the judgment of the trial court and remand for a new trial.

### APPENDIX ONE

### IN THE COURT OF CRIMINAL APPEALS OF TEXAS

Timothy Earl CARROLL, Appellant,

v.

The STATE of Texas.

No. 1789–99.

Court of Appeals of Texas.

May 23, 2001.

On State's Petition for Discretionary Review from the Ninth Court of Appeals, Polk County.

### *OPINION*

PER CURIAM.

A jury convicted appellant of aggravated robbery and sentenced him to confinement for 40 years. See Tex.Pen.Code Ann. § 29.03(a)(3)(A). On direct appeal,

---

**6.** This is reflected in the judge's comments as noted in the original majority opinion.

appellant raised one point of error—that the trial court erred when it overruled his challenge for cause of "potential juror William Fairbanks." Appellant claimed that Fairbanks could not consider the minimum range of punishment. The court of appeals sustained this point of error, reversed appellant's conviction and remanded the cause to the trial court. See *Carroll v. State*, 997 S.W.2d 399, 405 (Tex. App.-Beaumont 1999). The court of appeals did not perform a harmless error analysis. The State petitioned this Court to review the court of appeals' failure to conduct a harm analysis.

This Court recently decided that the erroneous denial of a defense challenge for cause is subject to harmless error analysis under Rule 44.2(b) of the Texas Rules of Appellate Procedure. See *Johnson v. State*, No. 1353–99 (Tex.Crim.App. March 28, 2001). Accordingly, we reverse the decision of the court of appeals and remand this cause to the court of appeals for reconsideration in light of *Johnson.*