**James E. ATOMANCZYK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1312–89.**

Court of Criminal Appeals of Texas, En Banc.

Dec. 12, 1990.

John F. Carrigan, Kenneth W. Smith, of counsel, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Frances M. Northcutt, James Peacock and J. Harvey Hudson, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

---

OPINION ON APPELLANT'S PETITION
FOR DISCRETIONARY REVIEW

PER CURIAM.

On April 2, 1987, the First Court of Appeals, in an unpublished opinion, affirmed the trial court's judgment in its cause numbered 01–86–0546–CR, in which James E. Atomanczyk, henceforth appellant, was shown to have been convicted by a jury of the offense of murder. The jury also assessed punishment at confinement in the penitentiary for life and a $10,000 fine. The court of appeals rejected, inter alia, appellant's contention that Art. 37.07, § 4, V.A.C.C.P. (which then governed the giving of a statutory instruction on parole) was unconstitutional. *Atomanczky v. State*, No. 01–86–0546–CR, 1987 WL 8750, April 2, 1987.

In *Rose v. State*, 752 S.W.2d 529 (Tex.Cr. App.1988), which was decided after the court of appeals had decided appellant's cause, this Court declared Art. 37.07, § 4, supra, unconstitutional. This Court subsequently granted appellant's petition for discretionary review solely to consider appellant's contentions that concerned the statutory parole law instruction that was given in this cause.

On November 16, 1988, in an unpublished opinion, this Court sustained appellant's contention that the statute was unconstitutional and thereafter remanded the cause to the court of appeals so that that court could make the determination whether the statutory parole law instruction that was given the jury in this cause was harmless beyond a reasonable doubt to the punishment that the jury had assessed appellant. See Tex.R.App.Pro., Rule 81(b)(2). *Atomanczky v. State*, No. 0509–87, November 16, 1988.

On remand, the court of appeals, in a published opinion, ruled that the parole law instruction charge error was harmless beyond a reasonable doubt and affirmed. *Atomanczky v. State*, 776 S.W.2d 297 (Tex. App.–Houston [1st Dist.] 1989). However, the court of appeals decided to reconsider appellant's contentions concerning his competency to stand trial and the failure of the trial judge to instruct the jury on the defense of insanity: "[B]ecause the dissenting opinion [by Justice O'Connor] disagrees, not only with our decision on the *Rose* issues, but also with the court's earlier opinion regarding appellant's competence to stand trial and his sanity at the time of the crime, we have decided to reconsider those issues, even though they were not specifically included in the order of remand. *See Adkins v. State*, 764 S.W.2d 782, 784 (Tex.Crim.App.1988). Having reconsidered these issues in the light of the appellate record before us, we remain of the opinion that both questions were correctly decided by this Court's earlier opinion."

We granted appellant's petition for discretionary review this time solely in order to consider the correctness of the court of appeals' holdings regarding the competency to stand trial issue and the insanity defense issue. Upon reconsideration, we now find that we improvidently granted appellant's petition for discretionary review. Accordingly, appellant's petition for discretionary review is ordered dismissed. See *Grigsby v. State*, 653 S.W.2d 43 (Tex. Cr.App.1983).

WHITE, J., concurs in the result.

CLINTON and TEAGUE, JJ., dissent.

STURNS, J., not participating.