**Joe Sidney WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1057–91.

Court of Criminal Appeals of Texas, En Banc.

April 15, 1992.

Rehearing Denied May 6, 1992.

Walter M. Reaves, Jr., West, for appellant.

John W. Segrest, Dist. Atty., E. Alan Bennett, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for State.

OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

The State charged appellant with the offense of capital murder.[1] The jury found appellant guilty as charged in the indictment. The trial court then submitted two special issues for the jury's consideration

---

1. TEX.PENAL CODE ANN. § 19.03(a)(2).

at punishment.[2] The judgment and sentence of the trial court reflect that the jury did not answer the first special issue, and answered yes to the second special issue. Accordingly, the trial court assessed appellant's punishment at life imprisonment.

This is the second time the instant case has been submitted to this Court. On its first submission, this Court reversed the judgment of the Court of Appeals and remanded the cause for further consideration.[3] In that decision, we reviewed appellant's claim that an out-of-court declaration by an accomplice was inadmissible because it failed to comply with the co-conspirator's exception to the hearsay rule.[4] This Court held:

> "In the instant cause the Court of Appeals has yet to decide whether the statement in issue was made 'in furtherance of' what appellant concedes was an ongoing conspiracy. We therefore remand this cause to that court for reconsideration of appellant's first point of error."[5]

On remand, the Court of Appeals decided that the statements were not made "in furtherance" of the conspiracy, and were not admissible pursuant to Rule 801(e)(2)(E).[6] However, the Court of Appeals went on to hold that the statements were admissible under the exception to the hearsay rule allowing admission of statements against interest.[7] On that basis, the Court of Appeals affirmed the judgment of the trial court. This Court granted appellant's petition for review.

We find that the Court of Appeals' reasoning in its opinion exceeded the scope of this Court's remand order. We also find that the Court of Appeals erred in not fully complying with this Court's remand order.

As noted above, in our first opinion, we remanded this cause to the Court of Appeals so that they could reconsider appellant's first point of error. In that point appellant argued only that the accomplice's statement was inadmissible under Rule 801(e)(2)(E). At no time in the course of the appeal of appellant's first point of error did either the State or appellant argue to the Court of Appeals that the statement was admissible or inadmissible under Rule 803(24). Under our remand order, the question of whether the statement was admissible under Rule 803(24) was not properly before the Court of Appeals.[8] The Court of Appeals' endeavor to analyze the admissibility of this statement in the context of Rule 803(24) stepped outside the scope of this Court's remand order. In light of this, we disavow the reasoning of the Court of Appeals on the issue of the admissibility of the accomplice's statement under Rule 803(24),[9] and reverse their decision. Appellant's four grounds for review contesting the Court of Appeals' analysis under Rule 803(24) are moot.

Pursuant to the Court of Appeals' most recent decision to hold the statement was inadmissible under rule 801(e)(2)(E), the Court of Appeals was obligated under this Court's remand order to review the erroneous admission of that statement to determine beyond a reasonable doubt if it made no contribution to appellant's conviction or

---

2. TEX.CODE CRIM.PROC.ANN. Art. 37.-071(b)(1) & (2).

3. *Williams v. State,* 790 S.W.2d 643 (Tex.Cr.App. 1990).

4. *Williams v. State,* 790 S.W.2d, at 643; TEX. R.CRIM.EVID., Rule 801(e)(2)(E).

5. *Williams v. State,* 790 S.W.2d, at 645.

6. *Williams v. State,* 815 S.W.2d 743, 744 (Tex. App.—Waco 1991). See, also, *Deeb v. State,* 815 S.W.2d 692, at 697–698 (Tex.Cr.App.1991).

7. *Williams v. State,* 815 S.W.2d at 744 (Tex. App.—Waco); TEX.R.CRIM.EVID. Rule 803(24).

8. Cf. *Montgomery v. State,* 810 S.W.2d 372, at 395 (Tex.Cr.App.1990) (In which this Court held that the failure of the State to raise the issue of appellant's failure to preserve error resulted in that issue not being before us for review.).

9. *Williams v. State,* 815 S.W.2d at 747–49 (Tex. App.—Waco). Cf. *Sheffield v. State,* 650 S.W.2d 813 (Tex.Cr.App.1983) (In which this Court held that a refusal of a petition for discretionary review did not constitute an endorsement or adoption of the reasoning of the Court of Appeals.).

punishment.[10] Instead, they decided a matter not argued, not briefed and not raised on appeal by either side. This makes it necessary for this Court to once again remand this cause to the Court of Appeals for an 81(b)(2) analysis.

The judgment of the Court of Appeals is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

BAIRD, J., dissents.

10. TEX.R.APP.P. Rule 81(b)(2); *Deeb v. State,* 815 S.W.2d, at 698; and *Harris v. State,* 790 S.W.2d 568, 584–589 (Tex.Cr.App.1989).