Cecola Jean Mozon v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-96-276-CR

     CECOLA JEAN MOZON,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 
 
From the 66th District Court
Hill County, Texas
Trial Court # 30,506
                                                                                                                 

OPINION ON REMAND
                                                                                                                 

      Cecola Jean Mozon was indicted for aggravated assault. Tex. Pen. Code Ann. § 22.02
(Vernon 1994). A jury found her guilty and assessed punishment at five years' community
supervision. On original submission, we affirmed the conviction. See Mozon v. State, 10-96-276-CR (Tex. App.—Waco December 17, 1997) (not designated for publication), rev’d, 991 S.W.2d
841 (Tex. Crim. App. 1999).
BACKGROUND
      Mozon threw gasoline on Rodrick Brown, a fellow student, and set him on fire in the Hillsboro
High School cafeteria. She was charged with aggravated assault with a deadly weapon. The jury
rejected Mozon's claim of self-defense, found her guilty of aggravated assault, but found she had
not used a deadly weapon.
      On original submission, Mozon argued that the court erred in excluding evidence of her
knowledge of Brown's prior violent acts because that knowledge was relevant to her state of mind,
thus making it relevant to her self-defense claim. We acknowledged the relevancy of the evidence,
but determined that the court acted within the zone of reasonable disagreement in excluding it
because the prejudicial effect of the evidence substantially outweighed its probative value. See
Tex. R. Evid. 403. The Court of Criminal Appeals granted Mozon’s petition for discretionary
review and remanded the cause. Mozon v. State, 991 S.W.2d 841, 848 (Tex. Crim. App. 1999).
FACTS
      Mozon, a pregnant seventeen-year-old student, testified that Brown began harassing her in
early September, 1995. He pulled her hair, grabbed her breasts, and called her “bitch” and
“whore.” Three days before Mozon set Brown on fire, Brown told Mozon to take off her “dead”
shirt


 and threw rocks at her. He said he was going to “beat [her] ass” Monday morning. Mozon
saw Brown Saturday night, and he told her he was going to “beat the baby out of [her].” She
testified that she was upset by the threats and believed Brown was serious.
      On Monday morning, September 25, Mozon purchased gasoline. Once at school, she saw
Brown in the hall. He told her he was going to “show [her] how tough he was.” When she sat
down in the cafeteria at lunch, Brown sat nearby. He again told her he was going to show her how
tough he was when he finished eating. Brown's friend, Bo Posey, went to the front of the cafeteria
as if to look for teachers. When Brown finished eating, he slid his tray to the side. Believing that
he was about to carry out his threats, Mozon doused Brown with gasoline and set him on fire.
THE EXCLUDED EVIDENCE
      Outside the presence of the jury, Mozon testified about three prior incidents involving Brown. 
She testified that Brown had put out his cousin's eye, had knocked out a girl's tooth, and had hit
another student with a board during a fight at school. She did not know if Brown had intentionally
put out his cousin's eye, and she did not remember when Brown had knocked out the girl's tooth. 
      Mozon argued that because she knew of these incidents, they were admissible as evidence of
her belief that Brown would carry out his threats. Thus, her knowledge of these incidents went to
her state-of-mind as to self-defense. The State objected that self-defense had not been raised. 
Alternatively, the State argued that, if self-defense had been properly raised, the testimony was not
relevant because Mozon did not know whether the acts were intentional or when they had occurred
and that the evidence was vague and remote. The State further argued that there was no evidence
to justify the use of deadly force. The court determined that the evidence was relevant but excluded
it under Rule 403. Tex. R. Evid. 403. 
SCOPE OF THE REMAND
      The initial question presented is the scope of the remand—what are we allowed to decide under
the terms of the opinion of the Court of Criminal Appeals. Paragraph III of the Court’s opinion
is devoted exclusively to a discussion of our failure to “address how [the] ‘unfair prejudice’ caused
the evidence's probative value to be substantially outweighed.” Mozon, 991 S.W.2d at 848. 
Furthermore, the opinion is specific: “Accordingly, we vacate this portion of the Court of Appeals'
opinion and remand for the court to properly address the Rule 403 issue as required by Montgomery
[v. State,810 S.W.2d 372 (Tex. Crim. App. 1991) (op. on reh’g)] .” Id. Only a “portion” of our
opinion was vacated, and we were directed to “address the Rule 403 issue.” Id. Guided by the
discussion in paragraph III of its opinion and by an earlier decision when the Court held that we
exceeded the scope of its remand, we will adhere to its directive. See Williams v. State, 829
S.W.2d 216, 217-18 (Tex. Crim. App. 1992) (“Court of Appeals was obligated under this Court's
remand order to review the erroneous admission of [co-conpirator’s] statement to determine beyond
a reasonable doubt if it made no contribution to appellant's conviction or punishment.”). Thus,
we will not address whether (1) Mozon’s claim of self-defense was properly raised, (2) the evidence
in question was relevant to that claim, (3) a proper Rule 403 objection was made, or (4) any of the
other factors listed in Rule 403, i.e., confusion of the issues, misleading the jury, considerations
of undue delay, or needless presentation of cumulative evidence, could have played a part in the
court’s decision to exclude the evidence. See Tex. R. Evid. 403.
APPLICATION
      Bearing the limited nature of the remand in mind, we turn to the analysis.
      In determining whether the prejudicial effect of evidence substantially outweighs its probative
value, we consider:
(1) how compellingly the evidence serves to make a fact of consequence more or less
probable—a factor which is related to the strength of the evidence presented by the proponent
to show the actor in fact committed the acts;
 
(2) the potential the evidence has to impress the jury “in some irrational but nevertheless
indelible way”;
 
(3) the time the proponent will need to develop the evidence, during which the jury will be
distracted from consideration of the indicted offense; and
 
(4) the force of the proponent’s need for this evidence to prove a fact of consequence, i.e.,
does the proponent have other probative evidence available to her to help establish this fact,
and is this fact related to an issue in dispute.
 
Mozon, 991 S.W.2d at 847 (citing Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App.
1997), and Montgomery v. State, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1991) (op. on
reh’g)).


 Although these factors are only guidelines, we will apply them to the case before us,
while considering that the evidence was offered by the defendant in this case and not against her. 
      How compelling was the evidence in question to show that Mozon acted in self defense? This
factor is related to the strength of the evidence to show that Brown in fact committed the conduct
in question. Mozon testified that she was not present when each of the acts occurred, did not know
if the acts were intentional, and did not know how long it had been since the acts were committed.
Thus, this evidence does not particularly compel the notion that Brown committed the acts. 
However, Mozon offered the evidence to show her state of mind. Whether or not Brown actually
committed the acts is less important than Mozon’s belief that he committed them. The evidence
thus adds weight to Mozon’s testimony that she was afraid that Brown would carry out his threats
against her. It supports her disputed claim of self-defense.


 As we will see, however, the relative
probative value was limited by other testimony.
      We next consider the potential that this evidence has to impress the jury “in some irrational
but nevertheless indelible way.” Introducing evidence that the victim of the indicted crime is a bad
person would tempt the jury to “punish” the victim. The disputed evidence conveys the impression
that Brown has a bad character and “perhaps deserved what he received.” Id. at 848 (Keller, J.,
dissenting). However, under these facts, the court could have believed that this factor should be
given the most weight. There was a substantial risk that the evidence would impress the jury in
an irrational way. That is, that Mozon’s conduct would be assessed in light of Brown’s acts toward
third parties not involved in this incident. Whether or not Brown is a “bad” person is not a proper
consideration and introducing such evidence might have encouraged the jury to view Mozon’s
behavior in the wrong light. Id.
      Next, the time needed to develop the evidence could have been minimal. Because the evidence
was offered to show Mozon’s state of mind rather than Brown’s actual guilt of the conduct in
question, there would be little need to call other witness to rebut Mozon’s claims. Thus, although
the State contends it would have had to call each of the third parties as a witness, the court could
have taken steps to assure that the jury’s distraction from the actual indicted offense would be
minimal. If, however, the court allowed the State to call witnesses to disprove the events
themselves or to rebut Mozon’s perception of them, then the time during which the jury would be
distracted by these issues could be given additional weight.
      Finally, we consider Mozon’s need for this evidence. Initially, we note that the relative
probative value of the disputed evidence to show her fear of Brown must be considered in light of
Mozon’s testimony about the overt threats directed at her by Brown two and three days before the
incident—threats which she took seriously because of his reputation as having a “violent
background.” She testified before the jury that on Friday before the Monday incident, Brown and
another boy threw rocks at her, Brown called her a “bitch,” and he said he would “beat [her] ass
Monday morning” and “was going to beat my baby out of me.” She said she was “like fending
him off.” On Saturday, he repeated his threats and name-calling. She stated that she was “upset”
and “scared” of what would happen Monday, that Brown had a reputation for being “violent,” and
that she took the threats of harm to herself or her baby seriously. Considering that the fact of
consequence that Mozon was trying to prove was that she was afraid of Brown, the court could
have considered her testimony about the events of Friday and Saturday as far more probative than
her testimony about violence toward third parties. Other witnesses testified that Brown repeatedly
threatened Mozon, that he had been in the alternative school due to bad behavior before this
incident, and that he did not have a reputation for being a peaceful, law-abiding citizen. This is
all evidence that the jury could have considered in light of Mozon’s self-defense claim. Thus,
Mozon’s testimony that Brown had harassed and threatened her on Friday and Saturday before she
attacked him and the testimony of other witnesses diminished her need for the disputed evidence. 
We disagree with the proposition that “This was the only evidence [Mozon] proffered to show her
state of mind; that is, to show she reasonably believed the victim intended to carry out his threats
of violence when he pushed his lunch tray aside.” Id. at 847-48 (majority opinion). We believe
that Mozon’s testimony about the events of Friday and Saturday was substantial evidence of the
reasonableness of her belief that Brown intended to carry out his threats towards her.
      How do we assess the relative weights of these factors? Given that the evidence was offered
by the defendant on a claim of self-defense, we believe that the prejudicial effect must more
substantially outweigh the probative value of the evidence before it should be excluded under Rule
403. Nevertheless, to hold that the court abused its discretion would require that we find the ruling
“outside the zone of reasonable disagreement.” Montgomery, 810 S.W.2d at 391-92. This we
cannot do. Based on our analysis, we believe that the court could have found that the unfair
prejudice of this defensive evidence substantially outweighed its limited probative value. Thus, we
again hold that the court did not abuse its discretion in excluding the evidence. Tex. R. Evid. 403. 
Mozon’s sole issue for review on remand is overruled.
      The judgment is affirmed.
 
                                                                       BILL VANCE
                                                                       Justice
 
Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed November 17, 1999
Do not publish