**Timothy Earl CARROLL, Appellant,**

v.

**The STATE of Texas.**

**No. 0919–02.**

Court of Criminal Appeals of Texas.

April 2, 2003.

Tim Brown, Livingston, for appellant.

Jeffrey L. Van Horn, Assist. St. Att., Matthew Paul, State's Attorney, Austin, for state.

### OPINION

COCHRAN, J., delivered the opinion of the Court in which KELLER, P.J., MEYERS, PRICE, WOMACK, JOHNSON, HERVEY and HOLCOMB, JJ., joined.

We granted review to determine whether it is within the court of appeals' scope of review on remand to reconsider a particular point of error and decide it based on grounds not expressly contemplated by this Court's remand order.[1] We find that it is and thus affirm the judgment of the court of appeals in this case.

### I.

A jury convicted appellant, Timothy Earl Carroll, of the offense of aggravated robbery, and, finding the two enhancement paragraphs to be true, sentenced him to 40 years imprisonment in the Texas Department of Criminal Justice—Institutional Division. In his sole point of error on appeal, appellant claimed that the trial court erred in denying his challenge for cause of a venireman.[2] Originally, the Beaumont Court of Appeals held that the trial court reversibly erred in failing to sustain appellant's challenge for cause and remanded the case for a new trial.[3] The State requested discretionary review of the court of appeals' holding, arguing that the court of appeals had not conducted a proper harm analysis. We granted review on that issue, and in an unpublished per curiam opinion, agreed that the court of appeals failed to perform the appropriate harm analysis.[4] Thus, we remanded the case "for consideration in light of Johnson [v. State ]."[5]

On remand, a majority of the court of appeals found that, "with the clarification that Johnson provides comes the need to

1. Specifically, we granted review of appellant's sole question:

   Whether the court of appeals exceeded the scope of the order of this court remanding this cause to the court of appeals to conduct a harm analysis when it revisited the previously decided question of whether the trial court erred in denying appellant's challenge for cause as to a particular veniremember rather than conducting the harm analysis ordered.

2. During jury selection, two different veniremembers were questioned about their ability to consider the minimum punishment for a person with prior convictions. The record reflects that their answers were similar in nature. The trial court granted appellant's challenge for cause regarding the first veniremember, but overruled his challenge for cause regarding the second. The court of appeals stated that "[w]e cannot determine any meaningful difference between the two venirepersons. The judge was absolutely correct in allowing the challenge to the first and should have been consistent and allowed the

second challenge." Carroll v. State, 997 S.W.2d 399, 404 (Tex.App.-Beaumont 1999) (Carroll I ). Chief Justice Walker dissented and argued that this "disparate treatment" analysis "is no part of the law the majority explicitly recognized as controlling on this issue." Id. at 405 (Walker, C.J., dissenting). Furthermore, Chief Justice Walker stated that even if a "disparate treatment" analysis did exist in the law outside of the Batson context, he found the response of the two different veniremen "clearly distinguishable in their respective abilities to be open to the full range of punishment for the offense as defined by law." Id. (emphasis in original).

3. Carroll v. State, 997 S.W.2d 399 (Tex.App.-Beaumont 1999) (Carroll I ).

4. Carroll v. State, No. 1789–99 (Tex.Crim.App. May 23, 2001) (Carroll II ).

5. 43 S.W.3d 1 (Tex.Crim.App.2001) (holding that the erroneous denial of a defense challenge for cause is subject to harmless error analysis under Tex.R.App. P. 44.2(b)).

revisit the initial inquiry regarding whether the trial court committed error in the first place."[6] The court did not conduct the harm analysis set out in *Johnson* as specified in the remand order. Instead, it reconsidered its original holding that the trial court erred in denying appellant's challenge for cause.[7] After a thorough analysis on remand, the court of appeals concluded that the venireman in question was, in fact, not subject to a challenge for cause.[8] Because the court found that no error had occurred, it was therefore unnecessary to conduct a harm analysis. We again granted discretionary review, this time to determine whether the appeals court impermissibly exceeded the scope of its review on remand by reconsidering the relevant point of error on a basis other than that explicitly set out in the remand order.

## II.

■ The courts of appeals have constitutional and statutory jurisdiction to decide non-capital criminal cases on direct appeal.[9] "Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute."[10] The Legislature has authorized the Court of Criminal Appeals to promulgate the rules of appellate procedure in criminal cases.[11] The Rules of Appellate Procedure, however, do not specifically address the scope of an intermediate appellate court's review following a remand from this Court. Furthermore, our previous cases on the scope of appellate review after remand have been inconsistent.

■ An issue concerning the scope of the intermediate appellate court's review on remand might arise for a number of different reasons.[12] However, the question

---

6. *Carroll v. State*, 74 S.W.3d 414, 415–16 (Tex.App.-Beaumont 2002) (*Carroll III* ).

7. On remand, Justice Burgess dissented, stating that:

> Clearly the Court of Criminal Appeals agreed with our earlier majority opinion on the issue of whether the trial court erred when it overruled the challenge for cause. If not, they would have adopted Chief Justice Walker's dissenting opinion, found no error, reversed this court and affirmed the trial court.

*Id.* at 417 (Burgess, J., dissenting). This is not necessarily true. As one of its grounds for review in its original petition for discretionary review, the State claimed that the court of appeals erred in reversing the trial court's denial of appellant's challenge for cause. In another ground, however, it asserted "[a]ssuming that the Court of Appeals was correct in its conclusion that the trial court abused its discretion in failing to grant the challenge for cause as to veniremember W.F., the court clearly erred in failing to conduct a harm analysis." We did not address the State's first ground for review; we simply remanded the case in light of our recent decision in *Johnson* concerning the necessary harm analysis. *Cf. Milam v. State*, 791

S.W.2d 120, 120–21 (Tex.Crim.App.1990) (refusal to grant a petition for discretionary review does not express approval of the lower court's decision).

8. *Carroll III*, 74 S.W.3d at 416 (concluding that the venireman was not subject to a challenge for cause because he stated he would "tailor the punishment to the crime as committed").

9. TEX. CONST. art. V, § 6; TEX.CODE CRIM. PROC. art. 4.03.

10. *Carter v. State*, 656 S.W.2d 468, 469 (Tex. Crim.App.1983).

11. See V.T.C.A., Government Code § 22.108.

12. *See, e.g., Garrett v. State*, 749 S.W.2d 784, 787 (Tex.Crim.App.1986) (stating that it was within the authority of the court of appeals to entertain new arguments by appellant contained in an amended brief even though the remand order was worded to apply only to his original points of error); *Johnson v. State*, 975 S.W.2d 644 (Tex.App.-El Paso 1998, pet. ref'd) (deciding appeal based on analysis of all four *Barker v. Wingo* speedy trial factors al-

before us today is simply whether it is within the scope of an intermediate court of appeals' authority, after a remand from this Court, to reanalyze the relevant point of error based on grounds not required by the remand order, but not foreclosed by it either. We hold that it is.

Our discussion today resolves the apparent conflict between our holdings in *Adkins v. State*[13] and *Williams v. State*.[14] In both *Adkins* and *Williams*, the courts of appeals, after remand from this Court, addressed the precise legal issue they were instructed to consider on remand and then resolved the particular point of error on grounds not originally asserted by either of the parties.

In *Adkins*, the court of appeals initially reversed the defendant's conviction, stating that the trial court erred in failing to suppress evidence seized as a result of an invalid warrant.[15] We vacated the judgment and remanded to the court of appeals for it to determine whether exigent circumstances existed to support a warrantless arrest.[16] On remand, the court of appeals determined that no exigent circumstances existed, but nevertheless upheld the arrest on another basis, specifically, that it was a lawful warrantless arrest for an offense committed within view of a peace officer under article 14.01.[17] The validity of the arrest under article 14.01 was neither suggested by this Court nor argued by either of the parties. Neverthe-

less, we affirmed, holding that it was within the court of appeals' authority to review the warrantless arrest in light of the "offense within view" of a peace officer exception to the warrant requirement found in article 14.01.[18]

The first time *Adkins* was before our Court, we reasoned that when a warrant is found to be deficient, "the search should be treated as one proceeding without a warrant and the facts of the case should be reviewed to determine whether the search can be upheld under a warrant exception."[19] On our second review, this Court noted that our instruction on remand "did not specifically limit the Court of Appeals's review to any particular section of Chapter 14 of the Code of Criminal Procedure."[20] We stated that when a case is remanded to a lower appellate court, the constitutional and statutory jurisdiction originally granted to the court, is fully restored by the order of the remand.[21] We further explained:

> For this Court to issue an "order of remand" to restrict the court of appeals in renewed exercise of its own jurisdiction, power and authority would seem to be an impossible and unwarranted abridgement of constitutional grant of same to courts of appeals by Article V, § 6, Constitution of Texas, as implemented by Articles 4.03, 44.24 and 44.25,

though this Court's remand order directed analysis only of the third factor).

**13.** 764 S.W.2d 782 (Tex.Crim.App.1988) (*Adkins IV*).

**14.** 829 S.W.2d 216 (Tex.Crim.App.1992) (*Williams IV*).

**15.** *Adkins v. State*, 675 S.W.2d 604 (Tex.App.-El Paso 1984) (*Adkins I*).

**16.** *Adkins v. State*, 717 S.W.2d 363 (Tex.Crim. App.1986) (*Adkins II*).

**17.** *Adkins v. State*, 726 S.W.2d 250 (Tex.App.-El Paso 1987) (*Adkins III*) (upholding warrantless arrest under Tex.Code Crim. Proc. art. 14.01).

**18.** *Adkins IV*, 764 S.W.2d at 784.

**19.** *Adkins II*, 717 S.W.2d at 365–66.

**20.** *Adkins IV*, 764 S.W.2d at 784.

**21.** *Id.*

V.A.A.C.P.[22]

Despite almost identical procedural facts, we reached the opposite conclusion in *Williams*.[23] In that case, the court of appeals originally affirmed the trial court's admission of an accomplice's out-of-court statement.[24] On review by this Court, the defendant argued that the statement was inadmissible because it failed to comply with the co-conspirator's exception to the hearsay rule under Rule 801(e)(2)(E) of the Texas Rules of Criminal Evidence. We reversed and remanded stating:

> In the instant cause the court of appeals has yet to decide whether the statement in issue was made "in furtherance of" what appellant concedes was an ongoing conspiracy. We therefore remand this cause to that court for reconsideration of appellant's first point of error.[25]

In reviewing that first point of error on remand, the court of appeals concluded that the statement was not admissible under the co-conspirator's exception to the hearsay rule, but found instead that it was admissible as a statement against interest.[26] When this Court reviewed the case a second time, we reversed and remanded stating, "[t]he Court of Appeals' endeavor to analyze the admissibility of this statement in the context of Rule 803(24) stepped outside the scope of this Court's remand order."[27] Without citing *Adkins* or any other relevant case law, this Court held that the court of appeals had exceeded its scope of review because it "decided a matter not argued, not briefed and not raised on appeal by either side."[28]

Obviously, our decisions in *Adkins* and *Williams* are at odds and the courts of appeals have struggled with this inconsistency.[29] After reviewing the case law addressing the scope of review on remand, it is apparent that *Williams* is the aberration. In the ten years since our decision in *Williams*, it has never been cited in another of our majority opinions and was cited only once in a dissenting opinion.[30] Furthermore, very few court of appeals' opinions have followed the statement in *Williams* regarding the scope of appellate review on remand, and only one of those is published.[31] We decline to follow *Williams* any further.

**22.** *Id.* (*quoting Garrett v. State*, 749 S.W.2d 784, 787 (Tex.Crim.App.1986)). We have cited *Adkins IV* in later cases, *see Lopez v. State*, 18 S.W.3d 637, 639, n. 10 (Tex.Crim.App. 2000); *Pierce v. State*, 780 S.W.2d 277, 280 (Tex.Crim.App.1989), and the courts of appeals have frequently relied upon our reasoning and result in Adkins IV, *see, e.g., Johnson v. State*, 975 S.W.2d 644, 647–48 (Tex.App.-El Paso 1998, pet. ref'd); *Sanchez v. State*, 32 S.W.3d 687, 694 (Tex.App.-San Antonio 2000, pet. granted); *Johnson v. State*, 977 S.W.2d 725, 726 (Tex.App.-Fort Worth 1998, pet. ref'd); *Calhoun v. State*, 951 S.W.2d 803, 806 (Tex.App.-Waco 1997, pet. ref'd); *Atomanczyk v. State*, 776 S.W.2d 297, 299 (Tex.App.-Houston [1st Dist.] 1989), *pet. dism'd*, 800 S.W.2d 224 (Tex.Crim.App.1990).

**23.** *Williams IV*, 829 S.W.2d at 217.

**24.** *Williams v. State*, No. 10–87–196–CR (Tex. App.-Waco, delivered April 6, 1989) (*Williams I*).

**25.** *Williams v. State*, 790 S.W.2d 643, 645 (Tex.Crim.App.1990) (*Williams II*).

**26.** *Williams v. State*, 815 S.W.2d 743 (Tex. App.-Waco 1991) (*Williams III*) (relying on Tex.R.Crim. Evid. 803(24)).

**27.** *Williams IV*, 829 S.W.2d at 217.

**28.** *Id* at 218.

**29.** *See Johnson v. State*, 975 S.W.2d 644 (Tex. App.-El Paso 1998, pet. ref'd); *Calhoun v. State*, 951 S.W.2d 803 (Tex.App.-Waco 1997, pet. ref'd).

**30.** *Connor v. State*, 877 S.W.2d 325, 328 (Tex. Crim.App.1994) (Baird, J., concurring in part and dissenting in part).

**31.** *Combest v. State*, 981 S.W.2d 958 (Tex. App.-Austin 1998, pet. ref'd) (complying with *Williams* by reviewing only appellant's point

In *Paulson v. State*[32] we noted:

We follow the doctrine of *stare decisis* to promote judicial efficiency and consistency, encourage reliance on judicial decisions, and contribute to the integrity of the judicial process. But if we conclude that one of our previous decisions was poorly reasoned or is unworkable, we do not achieve these goals by continuing to follow it.[33]

*Williams* lacked analysis, is inconsistent with the majority of our case law on the subject, and has not been followed or cited in any other majority opinion of this Court. Furthermore, given the inconsistent state of the law on the scope of review after remand, overruling *Williams* will not obstruct judicial efficiency and consistency, hinder justifiable reliance on judicial decisions, or adversely affect the integrity of the judicial process. On the contrary, our holding today, by clarifying the law, promotes judicial efficiency and contributes to the accuracy and integrity of the judicial process.

Our reasoning in *Paulson* is consistent not only with our disavowal of *Williams*, but also with the purpose of reaffirming the *Adkins* approach at the court of appeals level. The courts of appeals ultimately strive for judicial accuracy, fairness, and efficiency. They ought not be forced to follow their own prior reasoning on remand of a particular case solely for the sake of consistency if, upon further reflection, they find that the earlier discussion of a point of error was poorly reasoned or unworkable. For example, in cases like *Adkins* and *Williams*, the courts of appeals, on remand, took pains to reach the correct result on the particular point of error despite the narrow arguments of the parties or the scope of the remand order from this Court. This is not to say that they were required to re-evaluate their initial reasoning, but they ought not be prevented from doing so either.

We therefore explicitly overrule *Williams* and reaffirm *Adkins*. The result of our holding is that the courts of appeals are not limited on remand to deciding the pertinent point of error based solely on the explicit basis set out by this Court in a remand order.[34]

## III.

The only issue before this Court in the present case is whether the Beaumont Court of Appeals exceeded the scope of its review on remand by reconsidering the relevant point of error (whether the trial court abused its discretion in denying appellant's challenge for cause of a specific venireman) when that reconsideration was not expressly contemplated by the remand

of error in light of *Guzman v. State*, 955 S.W.2d 85 (Tex.Cr.App.1997) as specifically instructed in the remand order).

**32.** 28 S.W.3d 570 (Tex.Crim.App.2000).

**33.** *Id.* at 571–72.

**34.** Generally, "[a]ppellate courts may *uphold* a trial court's ruling on any legal theory or basis applicable to the case, but usually may not *reverse* a trial court's ruling on any theory or basis that might have been applicable to the case, but was not raised." *Martinez v. State*, 91 S.W.3d 331, 336 (Tex.Crim.App. 2002). This same general principle applies to the instant issue regarding the scope of the courts of appeals' review on remand. When a court of appeals is to decide a certain issue on remand, and subsequently upholds a trial court's initial ruling, it is not restricted in the legal theory upon which is bases its decision. If the appeals court's ultimate decision, however, is to reverse the initial ruling of the trial court on the issue raised on remand, it can make a judgment based on a theory outside the scope of the remand order only if that theory was presented to the trial court and ruled on by the trial judge. "The trial court cannot be held to have abused its discretion merely by ruling on the only theories of law presented to it." *Id.* at 337.

order. Under *Adkins*, when this Court remands a case to the intermediate court of appeals, that court has the jurisdiction to reanalyze the relevant point of error on grounds not specifically raised by the parties, this Court, or the remand order itself. While the court of appeals did not base its ultimate decision in this case on a different legal theory than that addressed in its original holding, *Adkins* still controls.

If the court of appeals has authority to decide a particular point of error on a different, but appropriate, legal basis despite a narrow remand order, *a fortiori* it should not be precluded from reconsidering the original legal basis for its decision.[35] This is especially true if the court of appeals received the case on remand to evaluate a particular aspect of a multi-step analysis, such as the harmfulness of a purported error. The intermediate court should not be precluded from conducting the full analysis in reaching its final conclusion, even if it is necessary to reevalu-

---

35. Appellant argues that the court of appeals is bound by its original conclusion that the trial judge erred in this case by denying appellant's challenge for cause of a venireman because of the "law of the case" doctrine. However, appellant's reliance on that doctrine is misplaced.

The "law of the case" doctrine provides "that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue when raised in a *subsequent appeal*." *Ware v. State*, 736 S.W.2d 700, 701 (Tex.Crim.App.1987) (emphasis added). "The doctrine assures trial courts that they can rely on the appellate court's disposition of an issue in presiding over the case and provides an incentive for trial courts to follow these decisions closely." *Howlett v. State*, 994 S.W.2d 663, 666 (Tex.Crim.App.1999); *see also Lee v. State*, 67 Tex.Crim. 137, 148 S.W. 706, 713 (1912) (op. on reh'g) (without "law of the case" doctrine "trial courts would in a great measure be at sea, and would feel inclined and be authorized to give but little weight to the decisions of the [appellate] court").

The doctrine provides assurance to the trial court that it need not reconsider a specific legal issue in a particular case which a higher court has already decided; the trial judge is entitled to follow and rely upon the reviewing court's reasoning and result on that specific issue. The doctrine thus promotes consistency and efficiency. *See generally* 5 Am.Jur.2d § 605 (noting that "[t]he various rules which make up the law of the case doctrine serve not only to promote the goal of judicial economy but also operate (1) to protect the settled expectations of the parties, (2) to insure uniformity of decisions, (3) to maintain consistency during the course of a single case, (4) to effectuate the proper and streamlined admin-

istration of justice, and (5) to bring litigation to an end").

While the primary purpose of the "law of the case" doctrine is to provide the trial court with certainty, we have also used the doctrine with respect to our own opinions to provide the courts of appeals with certainty. *See Howlett v. State*, 994 S.W.2d 663, 666 (Tex. Crim.App.1999) ("an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue when raised in a subsequent appeal"); *see also Carroll v. State*, 42 S.W.3d 129 (Tex.Crim.App.2001). The doctrine's purpose, however, does not apply to a court of appeals determination of a point of error when a case has been returned on remand concerning that particular point. This is not an instance of a "subsequent" appeal of a "previous" appeal; it is the same appeal in the same court that made the initial determination. There has not yet been any "final" determination of that issue in the first appeal, and thus there is not yet any final "law of the case" upon which to rely. *See Granviel v. State*, 723 S.W.2d 141, 147 (Tex.Crim.App. 1986) ("where determinations as to questions of law have already been made on a prior appeal to a court of last resort, those determinations will be held to govern the case throughout all of its subsequent stages, including a retrial and a subsequent appeal"); *Jordan v. State*, 576 S.W.2d 825, 828 (Tex. Crim.App. [Panel Op.] 1978). Neither party has a "settled expectation" concerning the final resolution of an appeal which is still pending. We remanded the present case because the court of appeals failed to conduct the proper harm analysis. The remand to the court of appeals, can not be considered a "subsequent appeal" and accordingly the law of the case doctrine does not apply.

ate certain steps, as long as that analysis is not specifically precluded by our remand order. This is true even if the result is that the court of appeals ultimately affirms a particular ruling of a trial court that it had originally reversed.

In light of our holding in *Adkins,* we find that it was within the court of appeals' scope of review on remand to reconsider whether it was error for the trial judge to overrule the appellant's challenge for cause of a venireman. Having disposed of the sole issue before us, we therefore affirm the judgment of the court of appeals.

KEASLER, J., concurred in the judgment.