Opinion issued August 21, 2003











In The
Court of Appeals
For The
First District of Texas




NO. 01-98-01435-CV




RENEE FRANCIS, Appellant

V.

THE DOW CHEMICAL COMPANY AND JOSEPH HEGYESI, Appellees




On Appeal from the 281st District Court
 Harris County, Texas
Trial Court Cause No. 95-29547




SUPPLEMENTAL MEMORANDUM
OPINION ON REHEARING
          Both Dow and Francis have filed motions for rehearing. Dow has also filed a
motion for en banc consideration on rehearing. Although the Court denies all three
motions, we briefly write to clarify our decision.
Dow’s Motion for Rehearing
Law-of-the-case doctrine
          Dow challenges our decision not to revisit our previous determination that the
trial court erred in its evidentiary rulings. We declined based on the law-of-the-case
doctrine. Dow cites us to new authority from the Court of Criminal Appeals that
authorizes the court of appeals to re-evaluate whether the trial court committed error,
even if the specific remand order from the Court of Criminal Appeals directed the
court of appeals to conduct a new harm analysis . Carroll v. State, 101 S.W.3d 454,
457–59 (Tex. Crim. App. 2003).
          Assuming without deciding that Carroll applies to civil cases, we decline to
change this Court’s previous ruling that the trial court erred in its evidentiary rulings. 
As Carroll emphasizes, courts of appeals are not “required to re-evaluate their
original reasoning, but they ought not be prevented from doing so either.” Id. at 459. 
Carroll does allow courts of appeals to re-evaluate a point if they conclude “the
earlier discussion of a point of error was poorly reasoned or unworkable.” Id. 
Because we conclude that this Court’s previous determination of the trial court’s
evidentiary rulings was neither poorly reasoned nor unworkable, we do not re-evaluate that determination or error.
Jim Newell’s testimony
          Dow also contends our opinion incorrectly characterizes Dow’s argument
concerning the exclusion of Jim Newell’s testimony. In the original opinion, we
stated, “Dow does not contend this evidence was harmless, but instead argues that
this testimony should have been excluded because its probative value is substantially
outweighed by the danger of unfair prejudice.”
          Dow is correct in asserting that it challenged the harmfulness of Newell’s
testimony. After this Court specifically questioned Dow at oral submission of the
case, Dow filed a postsubmission brief raising the issue. Although we disagree with
Dow that the testimony is harmless, we do agree that it is raised in Dow’s briefing.
Francis’s Motion for Rehearing
          On rehearing, Francis challenges our decision not to remand her
misrepresentation claim against Dow and Hegyesi to the trial court. She disagrees
with our statement that she did not challenge on appeal the trial court’s no-evidence
summary judgment based on misrepresentation.
          Francis’s argument is based on her contention (1) that she used the terms
“fraud” and “misrepresentation” synonymously in her live pleadings and (2) that she
used the term “fraud” on appeal. Although she implicitly admits she did not use the
term “misrepresentation” on appeal, she nonetheless argues that her use of the term
“fraud” is sufficient to raise both.
          Francis cites no authority for this proposition, and we know of none. We do
note, however, that if the terms are synonymous, Francis is not harmed by our
decision not to remand her misrepresentation claim against Dow and Hegyesi to the
trial court.
Conclusion
          We deny both Dow’s and Francis’s motions for rehearing.
 
PER CURIAM
Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.
Appellee moved for en banc consideration on rehearing.
A majority of the justices of the Court voted to deny en banc consideration on
rehearing.