

# NUMBER 13-13-00097-CR

# COURT OF APPEALS

# THIRTEEND DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

RENE GUTIERREZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

### On appeal from the 148th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides

By a single issue, appellant Rene Gutierrez appeals the sufficiency of the evidence

to support his convictions. Gutierrez was convicted of two counts of aggravated assault

with a deadly weapon, and one count of harassment of a public servant, second and third-

degree felonies. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2), 22.11(a)(2). The State

sought to enhance all of the charges with Gutierrez's previous convictions. *See id.* §

12.42.  We affirm.

## I.  BACKGROUND

Gutierrez was convicted after a jury trial with eleven jurors.  At sentencing, he pleaded true to one of the two enhancements on each count and pursuant to a plea agreement, he was sentenced to twenty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice on each count to run concurrently.  His appellate counsel filed a motion for new trial on two grounds: (1) that his trial counsel provided ineffective assistance during jury selection for failing to request a mistrial instead of agreeing to excuse one of the already seated jurors who knew a testifying officer, and (2) that the evidence was insufficient to support the judgment.

The trial court granted the motion for new trial on both grounds and the State appealed.  *See State v. Gutierrez*, No. 13-13-00183-CR, 2015 WL 7820588, at *1 (Tex. App.—Corpus Christi–Edinburg May 25, 2015), *rev'd*, 541 S.W.3d 91 (Tex. Crim. App. 2017).  We reviewed the evidence and held that the trial court abused its discretion to the extent it found that the jury's verdicts were contrary to the law and the evidence.  *Id.* at *6.  However, we affirmed the grant of a new trial on Gutierrez's claim of ineffective assistance of counsel.  The court of criminal appeals reversed and reinstated the judgment.  541 S.W.3d at 104.  Gutierrez again appealed.

The facts outlined in our previous opinion are unchanged:

On February 4, 2012, at around midnight, a police officer arrested Gutierrez outside a bar for pulling a knife out on two bouncers who refused to let him reenter the bar after he had been kicked out for fighting with another patron. Following his arrest, Gutierrez spit on the police officer while the police officer secured him for transport away from the bar. . . . At trial, the testimony showed that Gutierrez was escorted to the outside area of a bar for fighting

2

with another patron. Two bouncers, both employed by the bar, remained outside with Gutierrez in order to make sure that he did not try to reenter the bar and continue fighting. While the two bouncers were monitoring Gutierrez, he pulled out a knife and began swinging it in their direction from a distance of about three to four feet. There was no testimony that Gutierrez ever lunged toward the bouncers with his knife or got closer than three feet to them.

The testimony also showed that a police officer was called to the scene soon after Gutierrez pulled out the knife. After interviewing several witnesses, including the two bouncers, the police officer determined that Gutierrez would be placed under arrest. However, Gutierrez consistently resisted the police officer's attempt to arrest him, so the police officer pepper-sprayed him twice. After being arrested and pepper-sprayed, Gutierrez spit at the police officer several times throughout the night, with Gutierrez's spit actually landing on the police officer once. Both bouncers and the police officer testified to these facts at trial, and, based on their testimony, the eleven-member jury found Gutierrez guilty of assaulting the bouncers with his knife and harassing the police officer with his spit.

*Gutierrez*, 2015 WL 7820588, at *2.

## II. LAW OF THE CASE

By his sole issue, Gutierrez argues that the evidence is insufficient to support each of his convictions. The State argues that we have already determined that the evidence is sufficient and that the law of the case controls the outcome. Gutierrez did not file a response to the State's argument.

The law of the case doctrine is designed to promote consistency and efficiency so that trial courts may rely upon the holdings of reviewing courts. *Carroll v. State*, 101 S.W.3d 454, 461 n.35 (Tex. Crim. App. 2003). The doctrine applies only when the facts and legal issues are "virtually identical" so they should be controlled by the appellate court's previous resolution. *State v. Swearingen*, 424 S.W.3d 32, 36 (Tex. Crim. App. 2014). Here, the facts are unchanged, and the legal standard we use on review is also

3

the same, as we previously acknowledged:

> A motion for new trial based on insufficiency of the evidence presents a legal rather than a factual question, and the trial court must apply the same legal test as that employed by the appellate court in reviewing the sufficiency of the evidence. As such, the trial court is required to determine, after viewing the evidence in the light most favorable to the verdict, whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

*Gutierrez*, 2015 WL 7820588, at *4 (internal citations omitted). We found the evidence to be sufficient under that standard. *Id. at *6.* Although the law of the case doctrine allows us to revisit our prior determination under certain circumstances, Gutierrez does not point us to any reason to do so. As a result, the law of the case applies. *See Swearingen*, 424 S.W.3d at 36.

We overrule Gutierrez's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed the
22nd day of August, 2019.

4