# NO. 12-17-00346-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | § | *APPEAL FROM THE* |
|  | § | *COUNTY COURT AT LAW NO. 2* |
| *JORDAN BARTLETT JONES* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION ON REMAND*

Jordan Bartlett Jones was charged with unlawful disclosure of intimate visual material in violation of a prior version of Texas Penal Code, Section 21.16(b), commonly known as the "revenge pornography" statute. In his first issue on original submission, Jones argued that the trial court erred in denying his pretrial Application for Writ of Habeas Corpus because Section 21.16(b), on its face, violates the First Amendment to the United States Constitution. In response to Jones's first issue on original submission, we concluded that Section 21.16(b) is a content-based restriction, which is subject to strict scrutiny, it is not narrowly tailored to satisfy a compelling state interest, and it also is overbroad. *See Ex parte Jones*, No. 12-17-00346-CR, 2018 WL 2228888, at *3–7 (Tex. App.–Tyler May 16, 2018) (op., not designated for publication). Accordingly, we reversed the trial court's denial of Jones's application. *Id.* at *7. The State appealed. The court of criminal appeals, in an unpublished opinion, reversed our judgment, holding that Section 21.16(b) is susceptible to a narrowing construction to satisfy strict scrutiny and is not overbroad.[1] The court remanded the matter to this court to consider Jones's remaining issue regarding whether Section 21.16(b) is unconstitutionally vague on its face. We affirm.

---

[1] *See* TEX. R. APP. P. 77.3 ("Unpublished opinions [from the court of criminal appeals] have no precedential value and must not be cited as authority by counsel or by a court").

**BACKGROUND**

Because this appeal presents a facial challenge to a statute, a detailed rendition of the facts is unnecessary for its disposition. We therefore provide only a brief procedural history.

Jones was charged by information with unlawful disclosure of intimate visual material. On September 6, 2017, Jones filed an Application for Writ of Habeas Corpus, in which he argued that Texas Penal Code, Section 21.16(b) is facially unconstitutional. On October 23, 2017, the trial court denied Jones's application, and this appeal followed.

## UNCONSTITUTIONAL VAGUENESS

In his sole issue on remand, Jones argues that Section 21.16(b), on its face, is unconstitutionally vague in light of the court of criminal appeals' construction of the statute.

**The State's "Waiver" Arguments**

In response, the State first argues that Jones failed to raise this argument in the trial court and has, therefore, failed to preserve the issue. However, because Jones raises a facial challenge to Section 21.16(b),[2] he was not required first to raise the issue in the trial court and may challenge the facial validity of the statute for the first time on appeal. *See Battles v. State*, 45 S.W.3d 694, 702 (Tex. App.–Tyler 2001, no pet.) (citing *Garcia v. State*, 887 S.W.2d 846, 861 (Tex. Crim. App. 1994)); *see also Bryant v. State*, 47 S.W.3d 80, 84 (Tex. App.–Waco 2001, pet. ref'd). Therefore, we conclude that Jones may present his sole issue on remand insofar as he contends that Section 21.16(b) is invalid on its face.

The State next argues that Jones's second issue on original submission was briefed inadequately and that it is unclear whether he can rely on his additional briefing this court requested to support his sole issue on remand. Once jurisdiction of an appellate court is invoked, exercise of its reviewing functions is limited only by its own discretion or a valid restrictive statute. *Carroll v. State*, 101 S.W.3d 454, 456 (Tex. Crim. App. 2003). When a case is remanded to a lower appellate court, the constitutional and statutory jurisdiction originally granted to the court is fully restored by the order of the remand. *Id.* at 457 (citing *Adkins v. State*, 764 S.W.2d 782, 784 (Tex. Crim. App. 1988)). Thus, for instance, when the court of criminal appeals remands a case to an intermediate court of appeals, that court has the

---

[2] A facial challenge is one which claims that a statute is invalid in toto and, therefore, is incapable of any valid application. *See Bryant v. State*, 47 S.W.3d 80, 84 (Tex. App.–Waco 2001, pet. ref'd).

jurisdiction to reanalyze the relevant point of error, even if it does so on grounds not specifically raised by the parties, the court of criminal appeals, or the remand order itself. *See Carrol*, 101 S.W.3d at 460. The court of appeals, on remand, even can reconsider the original basis for its earlier decision. *See id.* And the court of appeals should not be precluded from conducting a full analysis in reaching its final conclusion, as long as doing so is not specifically precluded by the court of criminal appeals' remand order. *See id.* at 461. Here, Jones provided additional briefing on remand as specifically requested by this court. *See* TEX. R. APP. P. 38.7 (brief may be amended or supplemented whenever justice requires, on whatever reasonable terms court may prescribe). Neither this request nor Jones's compliance therewith runs afoul of the court of criminal appeals' remand order, and we, therefore, conclude that Jones may rely on the opportunity this court, acting within its jurisdiction, its statutory authority, and in the interest of justice, afforded him to present his sole issue on remand.

## Jones's Argument that Section 21.16(b) is Unconstitutionally Vague

Jones argues that the previous version of Section 21.16(b) is unconstitutionally vague in light of the court of criminal appeals' interpretation thereof. Specifically, Jones contends that the court "rewrote" the statute by determining that it implicitly contained the following three limiting factors, which are not present on the face of the statute: (1) a recklessness element as to lack of consent; (2) a knowledge element as to the circumstances in which the depicted person had a reasonable expectation of privacy; and (3) a knowledge or recklessness element as to identification of the subject.

### *Standard of Review and Governing Law*

When considering the constitutionality of a statute, we begin with the presumption that the statute is valid. *Ex parte Jarreau*, 623 S.W.3d 468, 473 (Tex. App.–San Antonio 2020, pet. ref'd); *see* TEX. GOV'T CODE ANN. § 311.021 (West 2013). We must evaluate the statute not as it operates in practice but as it is written. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908–09 (Tex. Crim. App. 2011). To decide if a statute is vague, we interpret it in accordance with the plain meaning of its language. *Wagner v. State*, 539 S.W.3d 298, 306 (Tex. Crim. App. 2018). "We presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *Id.* "Words and phrases shall be read in context and construed according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.011(a) (West 2013). "Words and phrases that have acquired a technical

or particular meaning, whether by legislative definition or otherwise, shall be construed accordingly." *Id.* § 311.011(b).

The prohibition against vagueness in criminal statutes is fundamental to due process under the federal constitution. *Sessions v. Dimaya*, __U.S.__, 138 S. Ct. 1204, 1212, 200 L. Ed. 2d 549 (2018). "The void-for-vagueness doctrine . . . guarantees that ordinary people have 'fair notice' of the conduct a statute proscribes." *Id.* Additionally, "the doctrine guards against arbitrary or discriminatory law enforcement by insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges." *Id.* Each ground—a lack of fair notice and a lack of standards for law enforcement—provides an independent basis for a facial vagueness challenge. *Ex parte Jarreau*, 623 S.W.3d at 472. The party raising a vagueness challenge has the burden to establish that the challenged statute is unconstitutional on its face. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013).

*Discussion*

In the instant case, Jones's argument is based not on the wording of the statute itself but instead on the court of criminal appeals' construction of the statute. In fact, in his reply brief on remand, Jones explains that "the statute *as written* is not vague, but overbroad. It is only the statue *as rewritten* by the Court of Criminal Appeals that is vague." Thus, inasmuch as Jones has conceded that the statute, as written, is not vague, we decline to address that issue. *But see Ex parte Ellis*, 609 S.W.3d 332, 339 (Tex. App.–Waco 2020, pet. ref'd) (holding that previous version of Section 21.16(b), which also is at issue here, is not unconstitutionally vague). Moreover, we reiterate that we must evaluate the statute not as it operates in practice but as it is written. *See Fine*, 330 S.W.3d at 908–09. Thus, engaging in an analysis of the constitutionality of Section 21.16(b) not as it is written but in light of the construction given to it by a higher court, would result in our exceeding the appropriate standard of review, an exercise in which we decline to engage. Appellant's sole issue on remand is overruled.

## DISPOSITION

Having overruled Jones's sole issue on remand, we ***affirm*** the trial court's denial of his application for writ of habeas corpus.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered January 19, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 19, 2022**

**NO. 12-17-00346-CR**

**EX PARTE: JORDAN BARTLETT JONES**

---

Appeal from the County Court at Law No. 2
of Smith County, Texas (Tr.Ct.No. 67295-A)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order denying Appellant's application for writ of habeas corpus.

It is therefore ORDERED, ADJUDGED, and DECREED that the trial court's order denying Appellant's application for writ of habeas corpus below **be in all things affirmed** and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*